**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)**<br><br>*This Document Relates To: ALL ACTIONS* | **17-md-2789 (CCC)(MF)**<br>**(MDL 2789)**<br><br>**INITIAL CASE MANAGEMENT ORDER** |

These matters having been transferred to this Court by order of the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to its order of August 2, 2017, merit special attention as complex litigation, the Court enters the following Order:

## 1. SCOPE OF ORDER

This Order shall govern the practice and procedure in those actions transferred to this Court by the Panel pursuant to its Transfer Order of August 2, 2017 (ECF No. 1 entered on August 4, 2017), any "tag-along actions" transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto. This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to *In re: Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL No. 2789, and shall govern each case in the proceedings unless the Order explicitly states that it does not apply to specific cases or that it applies only to specific cases.

**2. CONSOLIDATION**

The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" transferred to this Court, or directly filed in the District of New Jersey, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**3. PRIOR ORDERS**

This Court was managing more than sixty (60) cases filed in the District of New Jersey as of August 2, 2017 and entered three (3) case management orders, an order regarding the format of production of hardcopy documents and electronically stored information ("ESI"), and a protective order in those cases. (*See, e.g.*, *Goodstein v. AstraZeneca Pharms. LP, et al.*, No. 16-5143, at ECF Nos. 35, 39, 41, 40, 42.) Counsel with cases transferred to this district are advised to review all orders previously entered by this Court.

**4. MASTER DOCKET FILE**

The Clerk of the Court will maintain a master docket case file under the style "In re: Proton-Pump Inhibitor Products Liability Litigation (No. II)" and the docket number "17-md-2789 (CCC) (MF) (MDL 2789)."[1] When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates To: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the

[1] The Clerk of the Court shall continue to maintain a separate civil action number and case file for each case filed in, removed to, or transferred to this Court.

document number relates shall appear immediately after the words "This Document Relates To." The following is a sample of the pleading style:

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>This Document Relates To: | 17-md-2789 (CCC)(MF)<br>(MDL 2789) |

**5. FILING**

Each attorney of record is obligated to become a District of New Jersey ECF User and be assigned a user ID and password for access to the system. If he or she has not already done so, counsel shall register as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at http://www.njd.uscourts.gov/. All documents shall be e-filed in the master file, 17-md-2789. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains.

**6. APPEARANCES**

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys in "tag-along actions" admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Civil Rule 101.1(c) are waived. Such counsel are subject to the New Jersey Rules of Professional Conduct, The Guidelines for Litigation Conduct, Local Civil Rule 103.1(c), and the disciplinary jurisdiction of this Court. Association of local counsel is not required.

**7. LEAD COUNSEL**

The Court appoints Christopher Seeger, Esq. as interim lead counsel for Plaintiffs. By **August 22, 2017**, lead counsel shall provide the Court with Plaintiffs' proposal for an appropriate leadership structure.

**8. INITIAL CONFERENCE**

The Court will conduct an Initial Case Management Conference on **Tuesday, September 12, 2017 at 10:30 a.m. ET** in Courtroom 5B, MLK Building, 50 Walnut Street, Newark, New Jersey. Not all parties are required to attend; rather parties with similar interests are expected to the extent practicable to agree on a single attorney to act on their joint behalf at the conference. Designation of such an attorney to represent a party's interests does not preclude that party from other representation during the litigation. Attendance at the conference will not waive any objections to jurisdiction, venue, or service. Persons or entities who are not named as parties in this litigation but may later be joined as parties or who are parties in related litigation pending in other courts are invited to attend in person or through counsel. Counsel are expected to be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

**9. JOINT AGENDA AND STATUS REPORT**

By **September 8, 2017**, the parties shall submit a joint agenda and status report to the Court. Before the conference, counsel shall meet and confer—in person, by telephone conference, or by video conference—and seek consensus to the extent possible with respect to joint agenda items including, but not limited to: Plaintiff Fact Sheet; Defense Fact Sheet; Enabling Order; privilege, preservation, and ESI issues; parameters for discovery; and a suggested schedule for proceedings.

The status report shall include the following:

a) A list of all related actions pending in state or federal court and their current status, including any discovery taken to date, to the extent known; and

b) Brief written statements—one by Plaintiffs and one by Defendants—not more than ten (10) pages each, indicating Plaintiffs' and Defendants' respective preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will NOT be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

**10. SERVICE LIST**

By **September 8, 2017**, interim lead counsel shall provide the Court with a list of attorneys and their office addresses, phone and fax numbers, and e-mail addresses.

A service list will be maintained by the Clerk of the Court during the course of this litigation by adding parties/attorneys to the master docket. Any attorney who wishes to have his/her name added to or deleted from the master docket may do so upon request to the Clerk of this Court and notice to all other persons on such master docket.

**11. PRESERVATION OF EVIDENCE**

All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including ESI. The parties shall meet and confer in an effort to reach an agreement on a preservation plan for all cases and shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

**12. RESPONSE EXTENSION AND STAY**

Defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. All pending motions must be renoticed for resolution once the Court sets a schedule for any such motions.

**13. IDENTIFICATION OF RELATED CASES**

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be coordinated as part of this MDL, upon any party's information and belief that the matter should be so coordinated.

**14. APPLICATION OF LOCAL RULES**

Unless otherwise set forth in this Order, the parties shall comply with the Local Civil Rules of the United States District Court for the District of New Jersey, as well as the individual rules and preferences of the District Judge and Magistrate Judge assigned to this matter.

**IT IS SO ORDERED**

Dated: August 15, 2017

**HON. CLAIRE C. CECCHI**
**United States District Judge**