**SEEGERWEISS**LLP

77 Water Street, New York, NY 10005    P 212.584.0700    F 212.584.0799    www.seegerweiss.com

December 13, 2017

**VIA ECF AND FEDERAL EXPRESS**

Honorable Judge Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    **In Re: Proton-Pump Inhibitor Products Liability Litigation**
      **2:17-md-2789 (CCC)(MF) (MDL 2789)**

Dear Judge Cecchi,

  On behalf of the Plaintiffs' Steering Committee, we respectfully submit this letter in support of Plaintiffs' version of the proposed Direct Filing Order and Master Pleading Order ("DFO"). A copy of the Order that includes the competing provisions of both Plaintiffs' and Defendants' DFO is annexed hereto as Exhibit A. Since the last status conference, the parties have met and conferred concerning the DFO and while making some progress, have not been able to reach complete agreement.[1] Presently, there are four discreet areas of dispute that require a ruling from the Court:

- Whether the plaintiff in cases that are already pending should be required to file a Short Form Complaint (*see* Sections I and III (B) of Exhibit A, hereto);
- the specific pleading requirements of the Short Form Complaint (*see* Section II (C) of Exhibit A, hereto);
- language that mischaracterizes other Orders (*see* Section III (C) of Exhibit A, hereto); and
- the timing of motion practice on the pleadings (*see* Section III (H) of Exhibit A, hereto).

---

[1] The PSC provided its draft DFO to Defendants on November 17, 2017. The PSC sent reminder emails on November 27th, November 29th, and then again on December 7th asking Defendants to send comments, if any. The PSC did not receive Defendants' first set of comments until December 7th.

As set forth below, Plaintiffs request that the Court enter a Direct Filing Order with its proposed provisions related to the four identified issues. Entry of the DFO will allow for an efficient pleading process that preserves judicial resources and provide important information to the Court and the parties relating to the scope of this MDL.

### A.    The Applicability of the Short Form Complaint to Already-Filed Cases (Section III.B)

This provision, which is opposed by the PSC, would require plaintiffs to file Short-Form Complaints for the hundreds of cases that have already been filed or transferred into this MDL prior to entry of this Order. This provides no benefit to Defendants and seems designed to burden plaintiffs and the Court with unnecessary work and expense. Notably, Plaintiffs have offered to permit Defendants to file Short Form Answers to any complaints filed prior to entry of this Order for which they have yet interposed an answer. Under Plaintiffs' proposal, Defendants would be relieved of any burden of having to interpose long form Answers. Further, in these Short Form Answers, Plaintiffs have offered that any available affirmative defenses (personal jurisdiction and venue - two that Defendants seem most interested in preserving) can be asserted. Despite this, Defendants are insisting that Plaintiffs should be required to re-file their claims. This is a waste of the Court's and the particularly the Plaintiffs resources by having to engage in this "make-work" and as such this should be rejected by this Court.

### B.    Pleading Requirements of the Short Form Complaint (Section II.C)

This dispute relates to the pleading requirements for the Short-Form Complaint. Defendants' proposal goes beyond what is required in a pleading under federal law, including the standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Defendants seek to require information that is not required as part of well-pled complaint to the pleadings. Thus, while Plaintiffs do not object to providing the information sought by Defendants at the appropriate stage of litigation, Plaintiffs contend that this should be provided through discovery (*e.g.*, the Plaintiff Fact Sheet), rather than as a pleading requirement in a Short-Form Complaint. Defendants' proposed provisions effectively make filing a Short-Form Complaint more difficult. Further, as a practical matter, Defendants, in some cases, are seeking information that is typically obtained through discovery and which may not be available until a complete set of medical records is obtained.

The disputed questions are as follows: (1) dates that a PPI user used the various products; (2) Types of Injury - The parties have discrete differences on how the injury and damages requirements should be set forth; and (3) the state of residence of the PPI user at the time of injury.

As a threshold matter, A Short-Form Complaint is intended to abbreviate and make the pleading process more efficient, it should not serve as a tool by which Defendants seek to heighten the pleading standard. Moreover, much of if not all of the information that Defendants

seek, will be provided by Plaintiffs during discovery - either in the Plaintiff Fact Sheets or interrogatories, if the parties pursue those instead. Defendants conflate pleading and discovery. Defendants positions on these first two issues cuts against the purpose of a short-form complaint and serves to waste resources by (a) requiring a procedure by which all pending complaints are required to be amended and (b) a process by which there will be challenges to the sufficiency of the amendment.[2]

With respect to these latter two points and because each of the requested items that Defendants request to be included in the Short Form Complaint are <u>not</u> requirements of pleadings generally to the extent they are not included in a Short Form Complaint (because they might not be available at the time of filing) issues related to amendments to pleadings will need to be woven into this process.

- <u>Question C.3.</u>: **The date(s) that the PPI user used any PPI product**. The PSC opposes including this requirement in the Short Form Complaint. Defendants are requesting that in their pleadings, Plaintiffs identify the dates during which claimant used "any PPI product." Simply stated, the date ranges that a plaintiff used a product are not an element of any of the asserted claims. Instead it is a subject that should explored during discovery and is certainly a question (or questions subject to a PFS or interrogatories).[3]

- <u>Question C.6.</u>:

    o [**Defendants' Proposed Language:** The type of kidney-related injury and a statement of damages for which a claim is asserted;]

    o [**Plaintiffs' Proposed Language:** The alleged injury and statement of damages for which a claim is asserted;]

The PSC submits that its language should be approved because the "type of kidney related injury" is vague and subject to different meanings. Additionally, a well-pled complaint should only be required to identify what injury is being alleged and should not be limited to a certain kind of injury, which defendants seek to do by their reference to "kidney."

---

[2] Further, the Direct Filing CMO and Short Form Complaint (and Short Form Answer) is designed to be a streamlined process and encourage filings. Defendants insistence of facts that are not otherwise required will have the effect if deterring filings under this CMO, and instead promoting filings in home courts and allowing the typical CTO process to take hold or by promoting filings in alternative state court venues.

[3] Such information may involve years of medical history, some of which may not be obtainable until a complete set of medical records is tracked down. Further, a complete history is not necessary or required for a pleading.

- Question C.7.:

    [**Defendants' Proposed Language:** The approximate date that Plaintiff or PPI user first experienced the kidney-related injury for which a claim is asserted (the injury identified in paragraph 6 above);]

    [**Plaintiffs' Proposed Language:** The approximate date that Plaintiff or PPI user suffered the alleged injury for which a claim is asserted (the injury identified in paragraph 6 above);]

- Question C.7.a.:[**Defendants' Proposed Language: The city and state in which the Plaintiff or PPI user resided at the time of such injury.**  The PSC opposes inclusion of this question/requirement in the Short Form Complaint.  Such an inquiry is not required at the pleading stage.  Like dates of use of specific PPI products, this is information that should be provided during discovery.  What is required is simply a plaintiff's residence for diversity jurisdiction purposes, and not a recitation of all possible residences that could have some relevance to claims in the case.

   C.    **Language That Mischaracterizes Other Orders (Section III.C)**

Defendants insist on language in the DFO that states the Order pertaining to "Plaintiff Fact Sheet, Product Identification Records and Qualifying Kidney Injury Records" shall apply to each newly case filed in the MDL.  Notably, Defendants do not seek provisions stating the ESI Order or the Confidentiality Order shall apply to each newly filed case.  Such provisions are not necessary, as it goes without saying that Orders entered by this Court shall apply to newly filed cases in the MDL.  Despite this, Defendants are insistent on the inclusion of this language in the DFO.  First, Defendants disingenuously and intentionally seek to change the title of CMO 5 for the express purpose of deceiving Plaintiffs into believing that CMO 5 requires more than it does.  Plaintiffs oppose this language as false as it suggests such information is a pre-requisite, rather than information that is to be provided with the Plaintiff Fact Sheet.[4]  Further, in CMO No. 5,

---

[4] The adamant stance by defense counsel to include this stems from recent advances by certain corporate and defense leaning organizations to advance tort reform; one element of which is providing "proof of injury" and "proof of use records" as an up-front obligation on plaintiffs.  Indeed, this was referenced and acknowledged by Defendants in their prior submission on this topic *See* Defendants' Brief (Doc. 64) at Exhibit K dated November 2, 2017. Similarly, this same position is embodied in H.R. Bill 985 and has been endlessly advanced by certain of the Defendants.  To this end, one of Defendants' goals, notwithstanding the clear language of CMO 5, is a Court Order from Your Honor that identifies "product identification requirements and/or

which was negotiated by the parties before submission to the Court, the parties agreed that the Order relating to the Plaintiffs Fact Sheet would be referred to as the "Case Management Order Governing the PFS Production." Defendants now seek to change the title of that order and introduce language such as "qualifying kidney injury." Plaintiffs are concerned such language will be misinterpreted by other parties and Courts, which is clearly Defendants' goal. As a practical matter, there is no need to reference the PFS Order at all in the DFO. The Court should not allow Defendants to intentionally mis-state what previously entered orders require or are titled. Accordingly, Defendants' language should be rejected from this CMO because it is inaccurate, misplaced, misleading, and not necessary.

### D. Method of Seeking and Timing of Motions to Dismiss/Judgment on the Pleadings (Section III.H)

Defendants oppose the inclusion of Plaintiffs' proposed language that "Defendants shall only be permitted to file said motions to dismiss subject to leave from the Court." Based on Your Honor's instructions at prior status conferences, Plaintiffs' understanding is that Defendants could not Motions to Dismiss on the pleadings pursuant to Fed. R. Civ. P. Rule 12(b) without the Court's permission. The legal arguments as to why such motions would be premature and inefficient were submitted by the Plaintiffs in prior briefing regarding a Direct Filing Order (Doc. 66 at 6-7).Accordingly, the Plaintiffs' version takes that prior instruction into account and seeks to memorialize it in this Case Management Order. The Plaintiffs' respectfully request that the Court include this proposed language in the DFO.

In the same section of the proposed DFO, the parties also disagree over the timing that motions to challenge personal jurisdiction and/or improper venue need to be addressed. The PSC has proposed these motions be made at or just before the time of remand. Defendants still request the ability to make these at or after remand. The objection to the Defendants' proposal, is that the parties may agree to a remand venue, only to allow the Defendants to have laid in wait to spring an improper venue or lack of personal jurisdiction motion on an unsuspecting plaintiff. For this reason alone these motions should be made before the remand of any case.

In sum, Plaintiffs respectfully request that the Court enter the attached DFO with Plaintiffs' proposed provisions. We look forward to discussing these issues in more detail with the Court at the December 18, 2017 status conference.

---

proof of use requirements" that that they can use to assist their efforts legislatively and possibly as precedent with other courts.

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
Jeffrey Grand (on the brief)
SEEGER WEISS LLP
77 Water Street, 26th Fl.
New York, NY 10005
212-584-0700
212-584-0799 (fax)
cseeger@seegerweiss.com

/s/ Stephanie O'Connor
Stephanie O'Connor

DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Fl.
New York, NY 10038
212-566-7500
212-566-7501 (fax)
soconnor@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

cc:  All Counsel of Record (via ECF)