IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (No. II) | : MDL NO. 2789<br>: Civil Action No. 2:17-MD-2789<br>:<br>: JUDGE CLAIRE C. CECCHI<br>: JUDGE MARK FALK<br>: |

CASE MANAGEMENT ORDER NO. 7
(Master Complaint, Master Answers, Short-Form Adoption By Reference Complaints, Short Form Adoption By Reference Answers, and Direct Filing – Stipulated)

I. **Scope of Order**

This Stipulated Order shall govern all actions in the above-captioned MDL proceeding ("this MDL" or "the MDL") to the extent set forth herein that are directly filed in this MDL after the date of this Order or otherwise expressly identified herein.

The Order applies only to claims brought by U.S. citizens or residents based on usage or purchase of Proton Pump Inhibitor ("PPI") medications in the United States.

II. **Master Pleadings**

A. Within fourteen (14) days of entry of this Order, the Plaintiffs' Steering Committee shall file and serve a Master Complaint. Subject to section III.G below (regarding motions to dismiss and for judgment on the pleadings), within forty-five (45) days after being served with the Master Complaint via the ECF system (provided that the Defendant has already appeared in the MDL proceeding), each Defendant named in the Master Complaint shall file and serve a Master Answer which shall include all defenses to the Master Complaint.

B. Attached to the Master Complaint shall be a sample Short-Form Adoption By Reference Complaint ("Short-Form Complaint") for use in this MDL. Plaintiffs shall file and serve a Short-Form Complaint in the form attached to the Master Complaint in every action that

is directly filed in this MDL. For each action in the MDL, subject to this Order, the Master Complaint together with the Short-Form Complaint shall be deemed the operative complaint. Each Defendant named in a Short-Form Complaint will respond with a Short-Form Adoption By Reference Answer ("Short-Form Answer"), within thirty (30) days of service of the Short-Form Complaint on that Defendant, subject to section III.G below (regarding motions to dismiss and for judgment on the pleadings), which shall identify Defendant's counsel. The Short-Form Answer may either adopt and incorporate the responses and defenses set forth in the Defendant's Master Answer, or assert new ones. The Short-Form Answer shall serve as a general denial of all claims asserted in the Short-Form Complaint or admit some, and shall incorporate by reference defenses asserted in the Master Answer (or otherwise assert the defenses to that action). For each action subject to this Order, the Master Answer together with the Short-Form Answer shall be deemed the operative answer.

    C.    Each Short-Form Complaint shall include:

        1.    The name of the Plaintiff(s) and, if different, the name of the PPI user;

        2.    The city and state in which Plaintiff(s) and/or PPI user currently resides;

        3.    The approximate date(s) that the PPI user used any PPI product;

        4.    Which PPI(s) the PPI user used (setting forth "check boxes" identifying all products Plaintiff used that are included in the Master Complaint);

        5.    The Defendant(s) against whom Plaintiff asserts claims (setting forth "check boxes" identifying all Defendants included in the Master Complaint);

        6.    The alleged injury and statement of damages for which a claim is asserted;

       7.     Where the PPI user resided at the time the PPI user suffered the alleged injury for which a claim is asserted (the injury identified in paragraph 6 above);

       8.     Whether any Plaintiff is asserting a claim for loss of consortium, survival or wrongful death;

       9.     An adoption of the general allegations in the Master Complaint;

      10.    Which causes of action in the Master Complaint Plaintiff(s) adopts (setting forth "check boxes" identifying all causes of action include in the Master Complaint);

      11.    Whether Plaintiff(s) demands a jury trial; and

      12.    The venue which Plaintiff asserts should be the place for trial.

**D.** Nothing in this CMO shall alter or otherwise suspend a Plaintiff's requirement to effectuate service on any Defendant named in a Short-Form Complaint. Absent agreement of the parties or subsequent Order of the Court, service of process shall be effectuated as required under Rule 4 of the Federal Rules of Civil Procedure. The only exception is with respect to foreign Defendant, Takeda Pharmaceutical Company Limited ("TPC") which, for purposes of this MDL, may be served by delivering a cover letter, a copy of the Master Complaint and Short-Form Complaint, and a summons directed to TPC via registered mail, return receipt requested, or via commercial courier service that provides equally reliable evidence of delivery, to:

    Takeda Pharmaceutical Company Limited
    Attn: Legal Department
    Doshomachi 4-chome
    Chuo-Ku, Osaka,
    540-8645, Japan

For service to be effective, Plaintiffs also must send a copy of the cover letter that was mailed to TPC to:

Stacey Dixon
Assistant General Counsel
Takeda Pharmaceuticals U.S.A., Inc.
One Takeda Parkway
Deerfield, Illinois  60015.

E. Nothing embodied in Section II.A, Section II.B or Section II.C., above, shall be deemed a waiver of any party's right to amend the pleadings or defenses as permitted under the Federal Rules of Civil Procedure or as otherwise permitted by leave of Court.

### III. Direct Filing of Actions into the MDL

A. **Direct Filing.** To eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose action qualifies for transfer to the MDL may, subject to the provisions set forth below, file his or her action against one or more Defendants hereto directly in the MDL by using the Short-Form Complaint attached to the Master Complaint.

B. **Application to Actions Already Filed in, Removed or Transferred to, or Subsequently Transferred to, This MDL .**

For any action filed in, transferred to, or removed to, the District of New Jersey before entry of this Order, or subsequently transferred to, this MDL in which Defendant has not previously served an Answer,:

>    1. Defendant(s) shall Answer the operative complaint with a Short-Form Answer within thirty (30) days of filing of Defendant's Master Answer or thirty (30) days after being properly served with the operative complaint, whichever is longer.

C. **Pretrial Proceedings Only; No *Lexecon* Waiver.** Each action filed directly in the MDL will be filed in the MDL for pretrial proceedings only, consistent with the JPML's August 2, 2017 Transfer Order. Plaintiffs' and Defendants' agreement to this Order does not

constitute a waiver under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), by any party. However, nothing in this Order shall preclude the parties from agreeing to such waivers in the future.

**D.  No Waiver and Preservation of All Objections as to Personal Jurisdiction or Proper Venue.**

1. The inclusion of any action in the MDL pursuant to this Order shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

2. Neither the existence of this Order nor any of its terms shall in any manner be construed as a waiver of any Defendant's right to assert that this Court or any court lacks personal jurisdiction over any Defendant or that venue is improper in this district or in any other district as to any action filed in, or transferred to, the MDL.

3. The only exceptions to this provision are that:

    i. This Court may conduct pretrial proceedings pursuant to 28 U.S.C. § 1407 as to any action filed pursuant to the terms of this Order or transferred by the JPML to this Court.

    ii. The forty-five specific actions identified in Paragraph 2 of the Stipulation between AstraZeneca Pharmaceuticals L.P., AstraZeneca L.P. and certain plaintiffs, dated May 19, 2017 (waiving objections to personal jurisdiction and venue in forty-five expressly listed actions). The terms and deadlines relating to personal jurisdiction and venue set forth in Paragraph 5 b. – c. of

       the Stipulated Agreement are terminated as to all existing and future plaintiffs outside of the forty-five plaintiffs expressly identified.

  4. Nothing herein shall preclude any party from moving for remand or a suggestion of remand, or otherwise seeking transfer under 28 U.S.C. § 1404, at any time as ordered by the Court or as otherwise permitted by law.

  E. **Transfer to Federal District Court of Proper Venue**. At such time as transfer may become appropriate and/or is so Ordered by this Court, this Court will direct the parties to meet and confer and identify the venue to which the case shall be transferred, under 28 U.S.C. § 1404(a), for further proceedings and trial. To the extent the parties agree, the Court will suggest transfer of such cases to those venues. In those cases where the parties are unable to agree, the Court will give the parties an opportunity to be heard on the issue. The parties reserve all rights to challenge the appropriateness of transfer, jurisdiction and venue. Nothing herein shall preclude the parties from agreeing to try cases filed pursuant to this Order in the District of New Jersey or otherwise before The Honorable Claire C. Cecchi.

  F. **Choice of Law**. Filing an action directly in the MDL pursuant to this Order will not determine the applicable choice of law, including the choice of law for any of the claims in the action and for statute of limitations purposes. The parties' agreement to this Order shall not constitute a waiver of or agreement to the application of any choice of law principles or substantive choice of law to a particular plaintiff's action. The fact that an action was filed directly in the MDL pursuant to this Order will have no impact on choice of law. Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

G. **Motions to Dismiss/Judgment on the Pleadings.**

Defendants also reserve all rights to move to dismiss or for judgment on the pleadings under Federal Rules of Civil Procedure Rules 9 and 12. Defendants shall only be permitted to file said motions to dismiss subject to leave of this Court. It is also understood and agreed that there is a preservation of personal jurisdiction and venue defenses for Defendants to assert via motion practice at a later date upon leave of the Court, pursuant to the terms of the paragraph below.

Although preserved, any motion based on a lack of personal jurisdiction or improper venue shall be made by any Defendant no earlier than sixty (60) days prior to, filing of a motion to transfer (whether pursuant to 28 U.S.C. § 1404, or other procedure seeking or initiating transfer). Prior to filing a motion based on lack of personal jurisdiction or improper venue, Defendants shall seek leave of Court, including with respect to the timing for the filing of such motion.

H. **Attorney Admission.** Any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac vice* in this litigation and association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required. All attorneys who enter an appearance in the MDL shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L. Civ. R. 101.1(c), Admission of Attorneys: Appearance Pro Hac Vice; Local Counsel; L. Civ. R. 103.1, Judicial Ethics and Professional Responsibility; and L. Civ. R. 104.1, Discipline of Attorneys.

I. **Electronic Filing.** All complaints must be filed electronically, absent extraordinary circumstances. Prior to any plaintiff's lawyer filing a complaint directly in the

MDL, that attorney must register for and have a District of New Jersey CM/ECF login name and password. All attorneys must familiarize themselves with the District of New Jersey's Electronic Case Filing Policies and Procedures as Amended April 3, 2014, which can be found at http://www.njd.uscourts.gov/sites/njd/files/PoliciesandProcedures2014.pdf, as well as the Instructions for Filing a Civil Complaint that can be found at http://www.njd.uscourts.gov/sites/njd/files/efile.complaint.removal.appeal.pdf.

J. **Single-Plaintiff Filings.** Actions filed directly in this Court pursuant to this Order shall not name more than a single plaintiff in the case, provided, however, that any such case may include consortium and/or derivative plaintiff(s) and, in the event of a wrongful death action, the representative(s) and/or distributees of the estate.

K. **Filing Fees.** Internet credit card payments shall be required for all complaints and made online through Pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee. Information regarding filing fees can be found at http://www.njd.uscourts.gov/sites/njd/files/efile.complaint.removal.appeal.pdf.

IT IS SO ORDERED, this 17 day of January 2018.

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE