**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 2789<br>Civil Action No. 1:17-MD-2789<br><br>JUDGE CLAIRE C. CECCHI |

**CASE MANAGEMENT ORDER NO. 9**
(Plaintiff Fact Sheet and PFS Document Production)

The Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS"), and other documents referenced therein.

I. **Scope of Order**

This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to *In Re: Proton-Pump Inhibitor Products Liability Litigation* ("MDL-2789") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of August 2, 2017; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Member Actions"). The obligation to comply with this CMO and to provide a PFS shall fall solely to the individual counsel representing a Plaintiff. As with all case-specific discovery, the members of the PSC or PEC are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained.

## II. Plaintiff Fact Sheets

### A. The PFS Form

The form PFS that shall be used in MDL 2789 and all Member Actions is attached hereto as Exhibit A. In accordance with the schedule set forth below, every Plaintiff in each Member Action shall:

1. Complete and execute a PFS;

2. For each Defendant named in the complaint whose PPI product(s) is (or are) identified in the PFS, produce a record showing use of at least one of that Defendant's PPI product(s);

3. Produce requested records and documents in response to the document requests set forth in the PFS as maintained by Plaintiff and his/her counsel (to the extent not subject to privilege and/or work-product protections);

4. Produce duly executed authorizations to obtain discoverable records as described in Section IV. below, using the form authorizations attached to this Order as exhibits;

5. Serve the completed and executed PFS, as well as all documents requested in the PFS and authorizations, upon counsel for each Defendant named in the Member Action in the manner described in Section V. below; and

6. Serve a courtesy copy of the PFS and associated materials upon Plaintiffs' Executive Committee ("PEC") in the manner described in Section V. below.

### B. Substantial Completion

1. In completing the PFS, every Plaintiff is required to provide a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must: (1) answer the questions contained in the PFS to the best of his or her ability; and (2) comply with items 1-6 set forth in Section II.A. above.

   a. <u>Deficiencies</u>. Failure to provide a substantially complete PFS and duly executed authorizations or providing incomplete or deficient information shall be governed by Section II.D. below.

    b. <u>Delinquencies</u>. Failure to provide a PFS and duly executed authorizations shall be governed by Section II.E. below.

    c. <u>Failure to Provide Record Showing Use of PPI</u>. Failure to produce, for each Defendant named in the complaint whose PPI is (or PPIs are) identified in the PFS, a record that identifies use of at least one of that Defendant's PPI product(s) shall be governed by Section III. below.

  C. **Amendments & Verification**

    1. Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e).

    2. Each completed PFS shall be verified, signed and dated by the Plaintiff or the Plaintiff's representative as if it were interrogatory responses under Fed. R. Civ. P. 33. All responses in a PFS or amendment thereto are binding on the individual Plaintiff as if they were contained in answers to interrogatories under Fed. R. Civ. P. 33 and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Section VII. below. The Requests for Production of Documents in the PFS shall be treated as document requests under Fed. R. Civ. P. 34.

    3. The questions in the PFS shall be answered without objection as to relevance or the form of the question.

  D. **Fact Sheet Deficiency Dispute Resolution**

    1. **Phase I: Deficiency Letter**

     a. If a Defendant deems a PFS deficient, Defendant's counsel shall notify Plaintiff's attorney of record of the purported deficiencies in writing via email and allow

such Plaintiff an additional thirty (30) days to correct the alleged deficiency. A courtesy copy of the email shall be sent via email to the PEC's designee at ppipfsdeficiency@weitzlux.com.

    **b.**  Defendant's email communication shall identify the case name, docket number, and thirty (30) day deadline date and include sufficient detail regarding the alleged deficiency(ies).

  **2.**  **Phase II: Meet & Confer**

Should a Plaintiff not respond to the deficiency letter within the time required, as set forth in Section II.D.1. above, then the Defendant may request a meet and confer. Defendant's counsel shall notify Plaintiff's attorney of record in writing via email of the request to meet and confer and state that the meet and confer shall occur within fourteen (14) days. A courtesy copy of the email shall be sent via email to the PEC's designee at ppipfsdeficiency@weitzlux.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiff's attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the fourteen (14) days.

  **3.**  **Phase III: Motion to Compel**

    **a.**  Following the meet and confer period, should the individual Plaintiff: (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses (including the requested documents and/or signatures), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the fourteen (14) day meet and confer period, Defendant may then file a Motion to Compel the allegedly deficient discovery information.

      **b.**    Any such filing shall be via ECF, with a courtesy copy via email to Plaintiff's attorney of record and via email to the PEC's designee at ppipfsdeficiency@weitzlux.com.

      **c.**    Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

      **d.**    Any response to such a motion shall be filed and served within fourteen (14) days following the date of service. Any reply, if necessary, shall be filed within seven (7) days following the date of service of the opposition.

      **e.**    Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

    **E.**    **Failure to Serve a PFS**

      **1.**    Each Plaintiff may request one extension of thirty (30) days to serve a completed PFS, which Defendants shall not unreasonably withhold. Such requests must be made in writing via email to Defendants' counsel before the expiration of the deadline, with a courtesy copy the PEC's designee at ppipfsextension@weitzlux.com.

      **2.**    **Phase I: Notice of Non-Compliance**

          **a.**    Should any Plaintiff fail to serve an executed PFS within the time required in this CMO, including Section II.E.1., above, Defendant(s) shall send a Notice of Non-Compliance letter via email to that Plaintiff's attorney of record, with a courtesy copy via email the PEC's designee at ppipfsmotion@weitzlux.com.

          **b.**    Following receipt of the Notice of Non-Compliance, the Plaintiff shall have twenty one (21) days to serve the PFS.

3. **Phase II: Meet & Confer**

Should a Plaintiff not respond to the Notice of Non-Compliance within the time required in Section II.E.2.b. above, then the Defendant may request a meet and confer. Defendant's counsel shall notify Plaintiff's attorney of record in writing via email of the request to meet and confer and state that the meet and confer shall occur within fourteen (14) days. A courtesy copy of the email shall be sent via email to the PEC's designee at ppipfsmotion@weitzlux.com. The parties' meet and confer period shall begin upon receipt of the email by Plaintiff's attorney of record and, absent agreement of the parties, shall be completed by the conclusion of the fourteen (14) days.

4. **Phase III: Motion to Compel**

    a. Should a Plaintiff fail to provide an executed PFS following the time period allowed in Section II.E.2.b. above, Defendant(s) may then move the Court for a motion to compel via ECF, with a courtesy copy via email to Plaintiff's attorney of record and via email to the PEC's designee at ppipfsmotion@weitzlux.com.

    b. Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 7.1.

    c. Absent an Order from the Court granting a request by either or both parties for oral argument, the Court will rule on such motions without hearing argument.

**III. Stage 1 and Stage 2 Categorization**

A. <u>Obligation to Produce Defendant Fact Sheet</u>. A separate Case Management Order will be entered to govern the Defendant Fact Sheet ("DFS") process. That order shall require each Defendant named in a complaint to serve a completed DFS on each Plaintiff's counsel identified in the PFS once a PFS is "substantially complete in all respects" with respect to that

Defendant (as set forth in Section II.B.1. above), including that the Plaintiff must provide a record (in addition to the PFS, and consisting of more than just a declaration or affidavit by the Plaintiff) indicating that he or she used at least one of that Defendant's PPI products. Defendants shall not be obligated to produce a DFS for any case in which a Plaintiff or his/her counsel has not provided a record that identifies the Plaintiff's use of at least one of that Defendant's PPI products. Defendants shall not challenge the adequacy (*i.e.*, the qualitative reliability) of the record(s) as a basis for refusing to produce a DFS.

**B.** <u>Categorization of Claims into Stage 1 or Stage 2 Claims</u>. Once a Plaintiff has produced a record (in addition to the PFS, and consisting of more than just a declaration or affidavit by the Plaintiff) with respect to a Defendant, the Plaintiff's claims against that Defendant will be categorized as "Stage 1 Claims" with respect to that Defendant. If a Plaintiff has not produced such a record with respect to at least one of a Defendant's PPI products, Plaintiff's claims against that Defendant will be categorized as "Stage 2 Claims" with respect to that Defendant. If a Plaintiff has produced such record(s) with respect to every Defendant named in the complaint, the case shall be deemed a Stage 1 Case in its entirety ("a Stage 1 Case"); if a Plaintiff has not produced record(s) with respect to any Defendant named in the complaint, the case shall be deemed a Stage 2 Case in its entirety ("a Stage 2 Case"). In a case with multiple Defendants, a Plaintiff's claims may be categorized as Stage 1 Claims with respect to one Defendant, but could be categorized as Stage 2 Claims with respect to another Defendant(s) ("a Mixed Stage 1 / Stage 2 Case").

**C.** <u>Potential Re-Categorization of Cases</u>. A case may move from a Stage 2 Case to a Stage 1 Case (or from a Mixed Stage 1 / Stage 2 Case to a Stage 1 Case) at any time if the Plaintiff: (1) produces a record, as to each named Defendant, that identifies use of the

Defendant's PPI product; or (2) dismisses each Defendant for whom the Plaintiff elects not to and/or cannot produce such a record. This production (or dismissal) may come after service of a PFS.

**D.**   Further Discovery. A Stage 1 Case may proceed to any further case-specific discovery only upon the entry of a subsequent Case Management Order addressing such discovery. A Stage 2 Case or a Mixed Stage 1 / Stage 2 Case may not be the subject of further Plaintiff-specific discovery. A case may remain as a Stage 2 Case or a Mixed Stage 1 / Stage 2 Case until further order of this Court.

**IV.   Authorizations**

**A.**   Execution of Authorizations Generally. Plaintiffs shall sign the Authorizations listed below without: (1) setting forth the identity of the applicable custodian of the records or provider of care, or (2) dating the authorizations. Plaintiff's counsel shall retain the signed but otherwise blank authorizations, which shall be used as described herein.

**B.**   Authorizations to be Provided.

1.   Medical Authorizations. Each individual Plaintiff shall provide to Plaintiff's counsel sufficient originals of the "Limited Authorization to Disclose Health Information" attached as Exhibit B to enable Plaintiff's counsel to provide to Defendants a completed authorization for each health care provider listed in the PFS. Plaintiff's counsel also shall maintain at least ten additional blank authorizations in the event Defendants request records from additional providers.

2.   Three Blank Psychological Injury Authorizations. If a Plaintiff is asserting a claim for psychological injury (beyond that which ordinarily accompanies a physical injury), such Plaintiff also shall provide to Plaintiff's counsel three blank Authorizations attached

as Exhibit C. If a Plaintiff is not asserting a claim for psychological injury, Plaintiff does not need to complete the Authorization attached as Exhibit C.

3. <u>Three Blank Employment Authorizations</u>. If a Plaintiff is asserting a claim for lost wages, then such Plaintiff shall provide to Plaintiff's counsel three originals of the Authorization for the release of employment records, in the form attached as Exhibit D.

4. <u>Three Blank Insurance Authorizations</u>. Each individual Plaintiff who has had health insurance of any kind in the past 12 years shall provide to Plaintiff's counsel three originals of the Authorization for the release of insurance records, in the form attached as Exhibit E. If the Plaintiff has been covered by Medicare at any time in the past 12 years, such Plaintiff also shall provide to Plaintiff's counsel the Authorization for the release of Medicare records, in the form attached as Exhibit F.

5. <u>Workers' Compensation and Disability Authorizations</u>. If a Plaintiff has applied for or been awarded workers' compensation or disability benefits at any time in the past 12 years, such Plaintiff also shall provide to Plaintiff's counsel the Authorization for the release of workers' compensation records, in the form attached as Exhibit G, and/or the Authorization for the release of disability records, in the form attached as Exhibit H, as applicable. If a Plaintiff has not applied for or been awarded either workers' compensation or disability, that Plaintiff need not complete either Authorization.

6. <u>OTC Program Authorizations</u>. Each Plaintiff who has belonged to a loyalty, rewards, or credit card program with a warehouse club, wholesale outlet, retail store, or pharmacy from which the Plaintiff purchased over-the-counter ("OTC") PPI products shall provide to Plaintiff's counsel an Authorization for the release of records from each such program, in the form attached as Exhibit I.

    **C.**    <u>Records Custodians Not Listed in PFS</u>. For any custodian of records not listed in the Plaintiff's Fact Sheet, Defendants may request that Plaintiff's counsel complete a blank Authorization so that Defendants may obtain records from that custodian (which such request may be made by Defendants' medical records collection vendor). Plaintiffs' counsel must provide such authorizations within fourteen (14) days of the written request. If Plaintiff's counsel objects to the use of the Authorization to obtain records from the source identified in the request, Plaintiffs' counsel must assert that objection within 14 days. Following the 14-day period, if Plaintiff's counsel objects or has not responded, Plaintiff's counsel and Defendants' counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, or if Plaintiff's counsel does not respond to Defendants' attempt to meet and confer, Defendants may file a motion to compel. Plaintiffs' counsel shall have fourteen (14) days to file any opposition.

    **D.**    <u>Obligation to Cooperate by Providing Additional Authorizations</u>. If Defendants wish to obtain records from a custodian of records who will not accept the authorizations in the form that Plaintiff executed pursuant to this Order, or if Plaintiffs' counsel runs out of signed but otherwise blank authorizations, Plaintiff will cooperate with Defendants and provide the necessary authorization(s). If Plaintiffs' counsel objects to the use of a particular authorization, the procedures established in Section II.D. shall apply.

**V.**    **Service and Timing of the PFS and Related Materials**

    **A.**    <u>Cases Currently Pending in This District</u>. Each Plaintiff in a Member Action that is pending in the District of New Jersey on the date of entry of this Order shall have 120 days from same to serve their fully executed PFS and duly executed authorizations, with the relevant documentation, as set forth in Section II.A.

**B.**   Cases Filed in or Transferred to This District After the Entry of This Order. Each Plaintiff in a Member Action that is not pending in the District of New Jersey on the date of entry of this Order but thereafter becomes part of this MDL- 2789 shall have ninety (90) days from the date of service of the first Short Form Answer received and filed by a Defendant to serve their PFS and duly executed authorizations with the relevant documentation attached, as set forth in Section II.A.

**C.**   Transmission of PFS and Other Documents to Defendants. Plaintiffs shall complete and serve their PFS and documents responsive to the requests for production of documents set forth therein upon Defendants by uploading them to a global ShareFile site that counsel for all parties can access maintained by The Marker Group at https://tmg-data.com/ (See Exhibit J for specific access instructions). Medical, pharmacy and insurance records shall be produced as searchable PDFs[1] with each facility's or provider's records contained in a separate PDF. All other documents, if any, shall be produced in the format set forth in the ESI Order (Doc. 73). Uploading to the global ShareFile site in the aforementioned manner shall constitute effective service of the PFS and such records.

**D.**   Transmission of Courtesy Copies to Plaintiffs' Leadership. Concurrent with service to Defendant, Plaintiffs shall serve a courtesy copy of the completed PFS and authorizations upon the PEC by emailing them to the PEC designee, at ppipfsservice@weitzlux.com.

**E.**   Additional Defendants. As additional defendants are named in this MDL, they will be added, as necessary, to this order, given access to the global ShareFile site, and/or notice shall be provided to the PSC by contacting PEC designee, at ppipfsservice@weitzlux.com.

---

[1] Endorsement of such records with Bates-numbers is strongly encouraged, in the following format: a combination of an alpha prefix containing Plaintiff's initials and the facility or provider name along with an 8-digit number and to be numerically sequential for each facility or provider (*e.g.* JD_Memorial_Hospital_00000001).

## VI. Voluntary Dismissals

This Order shall in no way prohibit or inhibit a Plaintiff's counsel from filing voluntary requests for dismissals of a specific defendant or defendants, or of an entire Plaintiff's case, for those Plaintiffs who are unable to comply with the requirements set forth in this Order.

## VII. Confidentiality

All information disclosed in a PFS, the PFS itself, and all related documents (including health care records and information) produced pursuant to the PFS or from the authorizations provided therewith shall be deemed confidential and treated as "Confidential Information" as defined in the Protective Order (Doc. 23).

IT IS SO ORDERED, this 5th day of February 2018.

HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE