

February 16, 2018

<u>**VIA ECF AND FEDERAL EXPRESS**</u>

Honorable Judge Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> **In Re: Proton-Pump Inhibitor Products Liability Litigation**
> **2:17-md-2789 (CCC)(MF) (MDL 2789)**

Dear Judge Cecchi,

On behalf of the Plaintiffs' Steering Committee ("PSC"), we are writing to advise the Court of serious discovery issues related to The Procter & Gamble Defendants' ("P&G") document productions, deposition conduct, and other discovery issues.

- To date, the only documents that P&G has produced since this MDL was created over six months ago, are copies of insurance policies.[1]
- On February 13, 2018, P&G served a Rule 26(a)(1) Disclosure but did not identify a single person by name who worked on Prilosec OTC; P&G's disclosures simply provide, "[c]urrent and former employees of the P&G Defendants who have been involved with Prilosec OTC" and "[o]ther corporate representatives of the P&G Defendants."[2]
- In a recently conducted 30(b)(6) ESI deposition, defense counsel interposed numerous inappropriate objections and instructions to the witness not to answer questions about the identity of custodians, as well as obstructed many other deposition questions with improper objections.

The meet and confer process with P&G is so slow, and the disputes are so numerous, that the PSC seeks the Court's intervention now. There are several 30(b)(6) depositions of P&G witnesses that are currently set and the PSC requests that P&G's counsel be directed not to obstruct future depositions. In addition, the PSC respectfully requests that the Court conduct regular

---

[1] Prior to the formation of this MDL, P&G produced 201 documents in the Southern District of Illinois on June 16, 2017. On December 15, 2017, P&G produced the identical documents in the MDL, but it changed the labeling convention. On February 14, 2018, P&G produced insurance policies that may be applicable to this litigation.
[2] *See* The Procter & Gamble Company and The Procter & Gamble Manufacturing Company's Rule 26(a)(1) Initial Disclosures, Section I., ¶¶9, 10 (attached as <u>Exhibit A</u>).

Hon. Judge Cecchi
February 16, 2018

telephonic discovery hearings with the PSC and P&G to resolve discovery issues and to set forth by order specific discovery deadlines for P&G to respond.

### A. Background: P&G and Prilosec OTC.

On November 20, 1997, P&G and AstraZeneca ("AZ") entered into an agreement whereby AZ would supply Prilosec OTC to P&G, and P&G would package, market and distribute Prilosec OTC (through various P&G related companies) in the United States upon FDA approval. It is believed that P&G and AZ collaborated to gain FDA approval for Prilosec OTC and that P&G conducted some clinical trials as part of the NDA process. The NDA was submitted to the FDA on January 27, 2000, and Prilosec OTC was approved by the FDA on June 20, 2003.

P&G was first named as a Defendant in a PPI case on October 14, 2016. In addition, P&G was a party defendant in two cases filed on February 8, 2017, in the Southern District of Illinois ("SDIL"). In those SDIL cases, 30(b)(6) Notices were served on P&G on May 1, 2017, and Requests for the Production of Documents were served on P&G on May 16, 2017.

In the MDL, P&G was served with a Request for Production on October 3, 2017 and was served with Interrogatories on December 14, 2017. While "new" production requests were served in the MDL, these requests were substantially similar to those served in the Southern District of Illinois nine months ago.

The ESI Order in this MDL was entered on November 13, 2017. The ESI Order provides, in part, "[f]ollowing service of Plaintiffs' Discovery Requests, Plaintiffs and counsel for the respective Defendants will meet and confer regarding the 'Sources' (Custodians and Non-Custodial Document Sources) that contain information responsive to Plaintiffs Discovery Requests. Counsel for the respective Defendants will disclose to Plaintiffs the 'Non-Custodial Document Sources' (those managed or accessed by multiple persons) and employees most likely to possess relevant Documents ('Custodians'), whose Custodial Files will be subject to production."[3]  To this day, P&G has not complied with this portion of the ESI Order—not a single custodian has been identified.

### B. Status of Production (actually non-production) from P&G.

1. *Custodial Files.* In October of 2017, the PSC made a request for the names/titles/type of work performed and the relevant time period of their work related to Prilosec OTC (*e.g.* relevant custodians). Although P&G promised during several meet and confers that they were "working on this information", no such list has been produced to date, and they recently served Rule 26(a)(1) Disclosures that provided no custodian names.[4] During the 30(b)(6) ESI deposition, Mr. Scott Van

---

[3] Order Regarding the Format of Production of Hardcopy Documents and Electronically Stored Information at Section A., ¶ 5 (Doc. 73).

[4] P&G's Answers to Interrogatories provide the names of 8 "brand managers" but did not identify when they worked on Prilosec OTC or whether or not they are current or former employees. P&G did not provide the name of a single regulatory affairs individual; rather, they refer the PSC to the NDA (which has not been produced). These are but a few examples of the lack of information provided in P&G's Answers to Interrogatories.

Hon. Judge Cecchi
February 16, 2018

Nice testified that he had a list of all custodians who had been issued a PPI litigation hold, but he did not bring a single document to the deposition, as requested in the Notice of Deposition.[5]

2.  **_Non-Custodial Source Files._**  P&G has not provided a list of non-custodial source files as required by the ESI order. Mr. Van Nice did not provide this information in his deposition.

3.  **_Search Terms._** This issue has not been resolved. The PSC has provided search terms to P&G, but is waiting for P&G's counsel to agree on a date to discuss this further. The PSC has tried to setup calls to further these discussions over the last number of weeks. A call took place on February 9, 2018, but defense counsel designated to discuss search terms for P&G did not participate in the phone call. During this same call, the PSC sent another email to counsel regarding search terms and trying to set up a specific call to discuss those topics, which to date has been ignored.

## C.  Rule 30(b)(6) Deposition: Scott Van Nice and ESI Topics.

The ESI 30(b)(6) deposition took place on January 31, 2018.[6] Mr. Van Nice has worked for P&G since 2002.[7]  In 2008, he became the manager of e-discovery.[8] He has a Bachelor of Science degree in information technology[9] and is also licensed to practice law in the State of Ohio.[10]  Mr. Van Nice has published a paper on the topic of P&G's e-discovery process.[11]  Mr. Van Nice's duties include the identification of custodians and other sources of information in litigation.[12] In addition, Mr. Van Nice confirmed that in this litigation that in his role as e-discovery manager, he is capable (if allowed by defense counsel) to testify about how the company identifies data, what steps they were taking to collect, preserve and maintain the authenticity of the data.[13] He confirmed that he is capable of testifying about the steps that P&G took to collect and preserve data in this litigation about Prilosec OTC. [14]

---

[5] Van Nice Dep. 20:7-21:20 and 43:11-43:13, Jan. 31, 2018.

[6] The entire deposition transcript of Scott Van Nice is attached as Exhibit B. The PSC believes the Court needs to review the entire transcript, but to obtain a flavor of the obstructiveness of defense counsel, the first 21 pages make the point.

[7] Van Nice Dep. 7:5-7:6.

[8] Van Nice Dep. 6:24-7:4.

[9] Van Nice Dep. 7:7-7:18.

[10] Van Nice Dep. 6:19-6:23. Mr. Van Nice does not work as an in-house lawyer nor does he provide any legal advice to P&G employees. Van Nice Dep. 63:24-64:8. However, Mr. Van Nice is familiar with the Federal Rules of Civil Procedure, see Van Nice Dep. 64:16-64:20, and understands the purpose of Rule 30(b)(6) deposition. Van Nice Dep. 8:8-8:10. He has previously testified as a Rule 30(b)(6) deposition in a different P&G litigation. Van Nice Dep. 8:2-8:7.

[11] The article is attached as Exhibit C. This article clearly shows that Mr. Van Nice was capable of providing information that the PSC is seeking, but he was instructed not to answer many questions.

[12] Van Nice Dep. 11:22-12:25.

[13] Van Nice Dep. 65:25-66:8; 15:5-16:15.

[14] Van Nice Dep. 16:16-16:18.

3

Hon. Judge Cecchi
February 16, 2018

However, Mr. Van Nice was instructed by defense counsel not to answer numerous relevant questions, such as: (1) a list of names of custodians related to the PPI Litigation,[15] (2) the identification of non-custodial file data sources,[16] and (3) he failed to bring any documents as required by the PSCs' Notice of Deposition.[17] However, Mr. Van Nice confirmed that if allowed by defense counsel, he was capable of answering every topic listed in the PSC's Notice of Deposition.[18] Of the little substance that the PSC was allowed to retrieve from Mr. Van Nice, it was discovered that he has a list of custodians whose files have been preserved for this litigation, but he could not say when that was done and he did not bring that information to his deposition.[19] Mr. Van Nice wasn't even allowed to testify as to the number of custodians whose emails have been preserved.[20] Alarmingly, he testified that no one at P&G has preserved databases related to Prilosec OTC, [21] and he has no list of databases that have been preserved.[22] **_He also testified that no collection of data has occurred in this litigation_**,[23] even though P&G has been a defendant in the PPI litigation since October 2016. He has no knowledge about Prilosec OTC information before 2009.[24]  To date, P&G has not offered a witness to testify about ESI before 2008, even though P&G has been involved with the development of Prilosec OTC since 1997.

Because of the numerous and un-founded objections and instructions to the witness not to answer questions (that the witness was capable of answering), very little information was obtained in this deposition. The PSC requests that the Court over-rule all of defense counsel's objections, order Mr. Van Nice to sit for another deposition within seven days of the Court's Order, and order that P&G pay for all travel expenses and costs related to re-taking the deposition of Mr. Van Nice.

### D.  Document Production Schedule.

P&G has not provided a list of custodians nor identified sources of relevant databases or other non-custodial sources as called for in the ESI Order. P&G has provided virtually no productions of documents and will not commit to a date when productions will be made in the future.  The PSC is troubled by the P&G Defendants' failure to provide a list of custodians and to promptly resolve search terms and the production of those files. Even more troubling is the fact that having been first sued in October 2016, P&G **has not collected a single custodial file**, which will then need to be reviewed and produced to the PSC—and in our view, this reflects a pattern of deliberate delay.

The search term issue above, with a few exceptions, applies only to the custodial files of potential witnesses.  Search terms are generally not required for the identification and production of non-custodial sources of information relating to the PPI products at issue in this litigation.  These non-custodial sources include, but are not limited to: regulatory file databases, clinical trial

---

[15] Van Nice Dep. 13:1-13:7.
[16] *Id*.
[17] Van Nice Dep. 43:11-43:13.
[18] Van Nice Dep. 85:8-88:16.
[19] Van Nice Dep. 92:11-92:20.
[20] Van Nice Dep. 76:4-76:17.
[21] Van Nice Dep. 75:24-76:3.
[22] Van Nice Dep. 75:11-75:14.
[23] Van Nice Dep. 82:3-82:20.
[24] Van Nice Dep.83:4-83:6.

4

Hon. Judge Cecchi
February 16, 2018

information, and marketing and promotional materials. Yet, to date, these productions have not been started, let alone completed. Indeed, P&G has not produced a single new document since this MDL was formed, except for insurance policies just days ago.

The PSC is concerned that P&G's document production is moving way too slowly (actually it may not even be moving at all). The PSC requests that the P&G Defendants be ordered to produce documents and other information on a court-imposed deadline, with specific dates set forth.

**E.   The PSC's Request for an Immediate Hearing on the P&G Discovery Issues and for Bi-Weekly Telephonic Discovery Conferences.**

To avoid the additional delays described herein, the PSC believes it is necessary to have a specific hearing related to the P&G discovery issues. The disputes are too cumbersome for the Court to resolve in the regularly scheduled Status Conferences. Moreover, it would be prudent to have bi-weekly, telephonic discovery conferences dedicated solely to discovery matters so that the parties can address disputes as they arise.   Additionally, it should make the monthly in-person Status Conferences more efficient, as the parties will require less of the Court's time to address discovery issues.

We look forward to discussing these matters in more detail with the Court at Your Honor's earliest convenience.

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
973-639-9100
973-639-9393
cseeger@seegerweiss.com

/s/ Stephanie O'Connor
Stephanie O'Connor
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Fl.
New York, NY 10038
212-566-7500
212-566-7501 (fax)
soconnor@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

cc:  All Counsel of Record (via ECF)

5