# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>This Document Relates to: *Actions Naming The Procter & Gamble Company and/or The Procter & Gamble Manufacturing Company* | 2:17-md-2789 (CCC)(MF)<br>(MDL 2789) |

**THE PROCTER & GAMBLE COMPANY and THE PROCTER & GAMBLE MANUFACTURING COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURES**

Defendants The Procter & Gamble Company ("P&G") and The Procter & Gamble Manufacturing Company ("PGM"), collectively referred to herein as "The P&G Defendants," make the following initial disclosures in MDL No. 2789 ("this MDL") pursuant to Fed. R. Civ. P. 26(a)(1).

**PRELIMINARY STATEMENT**

1. These initial disclosures are based on The P&G Defendants' investigation and discovery of the facts and circumstances related to the allegations in this MDL as of the date herein. The P&G Defendants' investigation into plaintiffs' claims and the parties' discovery are in their initial stages. The P&G Defendants reserve the right to amend, supplement or modify these initial disclosures in future discovery responses and/or as required by any court order. The P&G Defendants reserve the right to call any witness or present any exhibit or item at trial not listed here but identified by plaintiffs, any defendant, or any third party through discovery, investigation or otherwise during this MDL. The P&G Defendants hereby incorporate by reference their respective Responses to Plaintiffs' First Request for the Production of Documents

**EXHIBIT A**

dated December 5, 2017, and Responses to Plaintiffs' First Set of Interrogatories dated February 5, 2018.

2. In making these initial disclosures, The P&G Defendants do not waive, and expressly reserve, any objections based upon relevance, proportionality, burden, materiality, competence, privilege, immunity from disclosure, trade secret, attorney work product protection, or any other grounds. In addition, The P&G Defendants make no representations or concessions regarding the admissibility of any particular individual, information, document, database, or system referenced herein, and The P&G Defendants do not waive, and expressly reserve, the right to object to the admissibility of any individual, information, document, database, or system produced in response to any discovery request in this MDL.

3. As used herein, "Prilosec OTC NDA" means and refers to the original New Drug Application, supplements to the application, annual reports submitted under 21 CFR §314.81, and correspondence with FDA about such original Application, supplements, and annual reports for New Drug Application 21-229 submitted to FDA on January 27, 2000, and approved by FDA on June 20, 2003.

**I.    Rule 26(a)(1)(A)(i): Witnesses**

The following is a list of persons who are likely to have discoverable information that The P&G Defendants may use to support their claims or defenses. This information reflects The P&G Defendants' current understanding and knowledge of the facts and events potentially relevant to this MDL. Discovery may reveal other individuals who have information that The P&G Defendants may use to support their claims or defenses. The P&G Defendants reserve the right to amend, supplement or modify these disclosures as investigation into this MDL progresses.

1. Plaintiffs;

2. All physicians or other health care providers who diagnosed, tested, or treated plaintiffs;

3. All third parties or entities who evaluated, treated, interviewed, or examined plaintiffs regarding plaintiffs' physical or mental health;

4. All pharmacists and staff at any pharmacy used by plaintiffs and current or former employees of any other retailer where plaintiffs claim to have purchased Prilosec OTC;

5. All custodians of record for plaintiffs' medical records and employment records;

6. Plaintiffs' friends, family members, neighbors, co-workers and/or other individuals with discoverable information, including those who may have information regarding plaintiffs' medical, occupational, family, or lifestyle histories;

7. All witnesses identified in the Rule 26(a)(1) initial disclosures of any other party to this MDL;

8. All witnesses required for (a) the authentication of documents and things and/or (b) impeachment or rebuttal;

9. Current and former employees of The P&G Defendants who have been involved with Prilosec OTC;

10. Other corporate representatives of The P&G Defendants;

11. Expert witnesses retained by The P&G Defendants;

12. Expert witnesses retained by plaintiffs;

13. Other witnesses identified by plaintiffs.

## II. Rule 26(a)(1)(A)(ii): Documents

Based on the allegations contained in plaintiffs' complaints and information reasonably available to The P&G Defendants at this time, The P&G Defendants anticipate that they may use the following sources of documents, described by category, in its possession, custody or control to support their claims and defenses:

1. The Prilosec OTC NDA;

2. Scientific and medical articles;

3. Federal regulatory materials;

4. Labeling for Prilosec OTC;

5. Plaintiffs' medical, pharmacy, insurance, employment, tax, education, criminal, financial and other records;

6. Information provided by plaintiffs in the Plaintiff Fact Sheets;

7. Information produced pursuant to the Defendant Fact Sheets that the parties are currently negotiating;

8. Any other records, documents, journals, datebooks, diaries, or electronically stored information of plaintiffs relating to matters at issue in this MDL;

9. Documents identified in the Rule 26(a)(1) initial disclosures of any other party to this MDL;

10. Documents and discovery responses produced by any party to this MDL;

11. Depositions taken in this MDL;

12. Exhibits relied upon by, and/or curriculum vitae and reports of, any expert witness;

13. Rebuttal and impeachment exhibits;

14. Demonstrative aids and exhibits; and

15. Exhibits required for the authentication of documents and things.

The foregoing disclosures are based upon the information currently and reasonably available to The P&G Defendants. The P&G Defendants reserve the right, as discovery progresses, to identify and to rely upon additional witnesses and documents in support of their claims or defenses.

### III. Rule 26(a)(1)(A)(iii): Computation Of Damages

Not applicable. The P&G Defendants claim no damages in MDL 2789.

4

**IV.     Rule 26(a)(1)(A)(iv): Insurance**

Defendants are self-insured within a $25 million retention for the claims at issue in this lawsuit. The following excess insurance policies provide Defendants indemnification for covered liabilities and defense costs in excess of $25 million.  Approximately $60 million of the policy limits set forth below have been eroded by other claims.

| Company | Policy No. | Limit ($MM) |
|---|---|---|
| XL Insurance (Bermuda) Ltd n/k/a XL Bermuda Ltd | XLUMB-601460 | 50% part of $100MM excess of $25MM |
| Max Bermuda Ltd. n/k/a Markel Bermuda Limited | 21830-2537 UMB 2008 | 25% part of $100MM excess of $25MM |
| Allied World Assurance Company, Ltd | C009887 | 25% part of $100MM excess of $25MM |
| Arch Reinsurance Ltd | B4-URP-03228-00 | 50% part of $100MM excess of $125MM |
| Allied World Assurance Company, Ltd | C004177 | 25% part of $100MM excess of $125MM |
| Endurance Specialty Insurance Ltd | P008717 | 25% part of $100MM excess of $125MM |
| Endurance Specialty Insurance Ltd | P003510 | $25MM excess of $225MM |
| Starr Excess Liability Insurance International Ltd n/k/a Chartis Excess Limited | 6393967 | $150MM excess of $250MM |
| ACE Bermuda Insurance Co. LTD. n/k/a Chubb Bermuda Insurance Ltd. | PG-5040/XL4 | $100MM excess of $400MM |

Dated:  February 13, 2018

              Respectfully submitted ,

              */s/ K. C. Green*
              K. C. Green
              Jeffrey F. Peck
              Gina M. Saelinger
              ULMER & BERNE LLP
              600 Vine Street, Suite 2800
              Cincinnati, Ohio 45202
              Telephone: (513) 698-5000
              Facsimile: (513) 698-5001
              kcgreen@ulmer.com
              jpeck@ulmer.com
              gsaelinger@ulmer.com
              *Attorneys for The Procter & Gamble Company and*
              *The Procter & Gamble Manufacturing Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2018, the foregoing document was served on the counsel listed below by electronic mail.

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street, 26th Fl.
New York, NY 10005
cseeger@seegerweiss.com

Stephanie O'Connor
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Fl.
New York, NY 10038
soconnor@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

*K.C. Green*
K.C. Green
*Attorney for The Procter & Gamble Company and The Procter & Gamble Manufacturing Company*