

March 27, 2018

**VIA ECF AND FEDERAL EXPRESS**

Honorable Judge Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      **In Re: Proton-Pump Inhibitor Products Liability Litigation**
          **2:17-md-2789 (CCC)(MF) (MDL 2789)**

Dear Judge Cecchi:

     Attached is a proposed Case Management Order that has been drafted to alleviate costs and expenses for Plaintiff's counsel and provide Defendants with evidence of PPI use and evidence of a kidney injury.

     The Proposed Temporary Bundling Order would allow Plaintiffs to temporarily place up to 300 Plaintiffs living in the same State in one complaint. The current bundling proposal is vastly different than what was discussed at the outset of this litigation. The bundled complaints would not need to be served on or responded to by the named Defendants nor severed by the Court. However, within nine months of filing, all Plaintiffs on the bundled complaint must either be severed and re-filed with the purchase of an individual docket number as an individual complaint or have their case dismissed by Plaintiffs' counsel; neither the Court's staff nor Defendants will need to address the bundled complaints over this nine-month period. Each Plaintiff severed from the bundled complaint would be placed on an accelerated schedule for providing evidence of PPI use and a kidney injury. Thus, within nine months of filing a bundled complaint, each Plaintiff will have either been dismissed without any motion practice or Defendants will have received evidence of Plaintiff's claims prior to having to serve an Answer.[1] Of note, any severed case will relate back, for statute of limitations purposes, to the original date of the bundled complaint.

---

[1] Plaintiffs that provide evidence of PPI use and a kidney injury will be subject to the current Plaintiff Fact Sheet process as outlined in the proposed Temporary Bundling CMO.

Over the past year, Plaintiffs' counsel have come to better understand that the rampant use of PPIs over the past 30 years has resulted in thousands of potential claims and that obtaining medical and pharmacy records that span decades is an arduous and time-consuming task. This is further complicated by the fact that the medical providers record retention policies tend to expire after seven years. This temporary bundling CMO serves as a tolling mechanism for these cases so that they can be adequately vetted. By contrast, individual filings at this time for each Plaintiff will cause needless and likely massive expenses for Plaintiffs' counsel and for the Defendants that will be required to Answer each complaint.

Over the past month, the PSC has conferred with AstraZeneca's counsel regarding the possibility and mechanism of a tolling or temporary bundling agreement for cases to be filed in the MDL as well as the thousands of Plaintiffs whose cases could not be filed in the MDL due to the lack of diversity and subject matter jurisdiction in Federal Court. During that time, the PSC was under the impression that our proposals were generally being shared with all defense counsel.[2] Unable to reach agreement, the PSC decided that the issue was ripe for Your Honor to rule on and circulated the attached CMO to all Defendants on March 19, 2018. To our surprise, the other Defendants advised us that they were unaware of our request for a tolling and temporary bundling agreement, and needed more time to consider our proposal. The parties discussed the proposed CMO on March 22, 2018, where each Defendant asked for more time to discuss the details with their client. Plaintiffs agreed and the parties scheduled another call on March 26, 2018, wherein Plaintiffs were told that no Defendant is willing to agree to any sort of Temporary Bundling Order due to its inconsistency with the Direct Filing Order that currently allows for only individually-filed Complaints.

The PSC acknowledges that the proposed Temporary Bundling CMO does not conform to the Direct Filing Order at the time of its filing, however, upon severance of each Plaintiff's case, counsel must adhere to the current Direct Filing Order in its entirety. Moreover, it is routine in these types of MDLs that CMOs evolve as the litigation moves forward. For example, the Court recently received a proposed CMO pertaining to certain AstraZeneca Defendants and an Amended Short Form Complaint that was agreed to by the PSC in order to accommodate AstraZeneca's request to more efficiently Answer Complaints in the MDL, thereby saving the AstraZeneca Defendants both time and money. The PSC expects that other Defendants will follow suit with similar requests and the PSC will be willing to accommodate such requests rather than impose an unnecessary obstacle to an adversary when there is no prejudice to our clients. Similarly, we are

---

[2] Furthermore, on March 8, 2018, the PSC emailed counsel for AstraZeneca, Takeda and Pfizer/Wyeth regarding filings that will inevitably need to be made in State Court due to the lack of diversity and subject matter jurisdiction in the MDL. Plaintiffs proposed a limited tolling agreement for these State Court filings so the parties can move forward efficiently in the MDL, without the distractions of at least five separate litigations in State Court. Defendants rejected this proposal.

surprised that Defendants would take such a position with our proposal. The temporary bundling process causes no prejudice to Defendants. In fact, it accelerates discovery that they have requested and saves them time and money in not having to Answer complaints that may later be dismissed.

In light of Defendants' position, the PSC respectfully requests that the attached Temporary Bundling Order be entered in its current form or that a conference on this issue be scheduled as soon as possible. Plaintiffs' counsel are available at the Court's convenience.

    Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ
212-584-0700
212-584-0799 (fax)
cseeger@seegerweiss.com

/s/ Stephanie O'Connor
Stephanie O'Connor
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Fl.
New York, NY 10038
212-566-7500
212-566-7501 (fax)
soconnor@douglasandlondon.com

*Plaintiffs' Co-Lead Counsel*

cc: All Counsel of Record (via ECF)