# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Beth S. Rose**
**Member**
**Admitted In NJ, NY**
**Direct Dial: 973-643-5877**
**Email: brose@sillscummis.com**

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

April 17, 2018

<u>**Via ECF**</u>

The Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse, PO-09
50 Walnut Street
Newark, New Jersey 07101

> Re: In Re: Proton Pump Inhibitor Products Liability Litigation (NO. II) MDL 2789

Dear Judge Cecchi:

On behalf of Defendants, we write to inform the Court that, despite your recent ruling prohibiting bundling, plaintiffs' counsel have begun filing multi-plaintiff PPI complaints in federal courts outside of New Jersey naming every defendant and then tagging those complaints for transfer to the MDL. Multi-plaintiff complaints circumvent CMO 7 and its negotiated provision prohibiting plaintiffs from filing such complaints in the MDL. Moreover, the filing of multi-plaintiff complaints in other districts is contrary to the rationales offered by plaintiffs' counsel in seeking a direct filing order: "[t]o eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency."[1] These multi-plaintiff complaints, which indiscriminately name every defendant in the MDL, also violate the intent of the Court's decision during last week's status conference to deny plaintiffs' application to file bundled complaints in the MDL.

While more multi-plaintiff complaints may be coming, the seven that Defendants have identified so far in federal districts outside the MDL were filed by plaintiff law firms who are members of either the PPI Plaintiffs' Executive Committee or Steering Committee. Last

---

[1] *See* Case Management Order No. 7 [Dkt. 112], at 4. Had Defendants known that the plaintiffs would render meaningless the single-plaintiff filing provision in the Direct Filing Order by filing bundled complaints in other jurisdictions for transfer to this Court, they would not have agreed to CMO No. 7.

# Sills Cummis & Gross
### A Professional Corporation

The Honorable Claire C. Cecchi, U.S.D.J.
April 17, 2018
Page 2

Thursday, Weitz & Luxenberg, a member of Plaintiffs' Executive Committee, filed a 90-plaintiff complaint in the United States District Court for the Central District of California. The complaint is styled as *Fisher, et al. v. Abbott Laboratories, et al.*, C.D. Cal. No. 2:18-cv-03073, and is filed against all of the PPI manufacturer defendants included in the MDL short form master complaint.[2] On the same day, Weitz & Luxenberg filed a Notice of Potential Tag-Along with the Judicial Panel on Multidistrict Litigation to initiate transfer of the *Fisher* action to the MDL. Weitz & Luxenberg also filed a 99-plaintiff PPI complaint last Thursday in the United States District Court for the Eastern District of California, styled as *Allen, et al. v. Abbott Laboratories, et al.*, E.D. Cal. No. 1:18-at-00279.

Last Friday, Aylstock, Witkin, Kreis and Overholtz, also a member of Plaintiffs' Executive Committee, filed a 35-plaintiff PPI complaint in the United States District Court for the District of Colorado, which is styled as *Amburn, et al. v. Abbott Laboratories, et al.*, D. Colo. No. 2:18-cv-00885. Yesterday, Goza & Honnold, LLC, a member of Plaintiffs' Steering Committee, filed two multi-plaintiff PPI complaints in the United States District Court for the District of Kansas: a 27-plaintiff complaint styled as *Levier, et al. v. Abbott Laboratories, et al.*, D. Kansas No. 2:18-cv-02180, and a 27-plaintiff complaint styled as *Day v. Abbott Laboratories, et al.*, D. Kansas No. 2:18-cv-02181. Finally, Bailey Peavy Bailey Cowan Heckaman PLLC, also a member of Plaintiffs' Steering Committee, filed yesterday a 159-plaintiff complaint in the United States District Court for the Southern District of Texas, styled as *Acosta, et al. v. Abbott Laboratories, et al.*, S.D. Texas No. 4:18-cv-01204, and a 22-plaintiff complaint in the United States District Court for the Western District of Oklahoma, styled as *Adams, et al. v. Abbott Laboratories, et al.*, W.D. Oklahoma No. 5:18-cv-00352-D.[3]

Defendants oppose the effort of some plaintiffs' law firms to bypass (1) the structure the parties and Court put in place after months of negotiation to facilitate the simple filing of short form single-plaintiff complaints in the MDL and (2) the Court's reiteration on April 10, 2018 that bundled complaints are not allowed. Specifically, in response to plaintiffs' counsel's proposal for a bundling order, the Court stated during the April 10 teleconference that "the Direct Filing Order does provide for individual filing as opposed to bundling. So as far as an application that was strictly directed towards bundling at this point, I am disinclined to go forward with bundling."[4] Yet, two days after the Court ruled against bundling, some plaintiffs' firms began filing multi-plaintiff complaints in other jurisdictions and using the tagging process to place them into the MDL. These complaints, which name every defendant, also demonstrate

---

[2] Weitz & Luxenberg and the Takeda defendants are discussing the potential dismissal of one Takeda entity—Takeda California, Inc.—from the MDL and that particular Takeda entity is not included as a defendant in *Fisher*.

[3] Copies of all seven multi-plaintiff complaints are attached for the Court's reference.

[4] *See* April 10, 2018 Transcript of Proceedings, at 23.

# Sills Cummis & Gross
### A Professional Corporation

The Honorable Claire C. Cecchi, U.S.D.J.
April 17, 2018
Page 3

that plaintiffs have done little over the course of the last two years[5] to determine who should be in any particular case.

   Defendants intend to raise this issue during the case management conference on May 1, but bring these complaints to the Court's attention now if Your Honor wishes to discuss them with the parties before the conference.

   Respectfully submitted,

   s/ Beth S. Rose

   BETH S. ROSE

Enc.
cc: All Counsel of record (via ECF)

---

[5] As the Defendants have previously noted, counsel for plaintiffs claimed in 2016 to have "over 5,000 Proton-Pump Inhibitor ("PPI") possible cases under investigation with additional potential clients making contact and asking for information each passing day." *In re Proton-Pump Inhibitor Prods. Liab. Litig.* (MDL No. 2757), Doc. No. 1-1, Mem. Of Law in Support of Plaintiffs' Mot. For Transfer Pursuant to 28 U.S.C. § 1407, filed Oct. 17, 2016, at 1.