UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | 2:17-MD-2789 (CCC)(MF) (MDL 2789) and all member and related cases |
| This Document Relates to: ALL ACTIONS | Judge Claire C. Cecchi |
| | CASE MANAGEMENT ORDER NO. 20 (Production Schedule for Procter & Gamble) |

Plaintiffs' Steering Committee and the Procter & Gamble Defendants (hereafter "P&G") having met and conferred regarding P&G's production schedule have agreed to the following ORDER:

I. **Custodial File Production**

A. The parties have agreed that there shall be a presumptive limit ("soft cap") of 50 Custodial File productions to be made by P&G for the general liability aspect of this litigation. Each Custodial File[1] shall be produced on a rolling basis. In light of the manner in which it will produce documents, P&G shall notify the PSC that the production is substantially complete.[2]

These files shall be produced on the following schedule:[3]

---

[1] As defined in the ESI Order.

[2] The term "substantially complete" means the completion of the production of documents identified and collected for a particular custodian after a reasonable search of available Custodial File sources with the exception of: (1) documents that may be produced together with a privilege log after additional privilege review or (2) documents requiring substantial work in connection with their production (including, for example, large Excel files requiring extensive redactions). Each category of documents in (2) that is not produced with the Custodial File will be specifically identified by P&G at the time of the Custodial File production along with an estimated date for the production of the identified categories.

[3] The parties agree that should a difficulty be encountered in meeting a specified date, and upon reasonable notice of such difficulty, the parties will meet and confer in good faith to find a mutually acceptable alternative or solution prior to raising the matter with the Court.

B. **2018 Production Schedule**: P&G shall complete the production of 20 Custodial Files on or before November 30, 2018, and in the following manner:

    1. The PSC identified 30 Custodial Files on June 16, 2018 (Waves 1, 2, and 3). P&G shall provide notice to the PSC of which 10 Custodial Files will be produced in Wave 1.[4] Those 10 Custodial Files shall be produced substantially complete by October 15, 2018.

    2. P&G shall provide notice to the PSC of which 10 Custodial Files will be produced in Wave 2. Those 10 custodial files shall be produced substantially complete by November 30, 2018.

C. **2019 Production Schedule**:

    1. P&G shall substantially complete the production of the remaining 10 Custodial Files (Wave 3) by February 13, 2019.

    2. P&G shall substantially complete the production of the next 15 Custodial Files on or before June 15, 2019, and in the following manner:

        a. By November 1, 2018, the PSC shall identify 5 Custodial Files for Wave 4. This Custodial File production will be completed by April 15, 2019.

        b. By January 3, 2019, the PSC shall identify 10 Custodial Files for Wave 5. This Custodial File production will be completed by May 31, 2019.

        c. Between February 1, 2019 and April 1, 2019, the PSC may identify up to an additional 5 Custodial Files for production. Such productions will be made on or before June 15, 2019.

II. **Depositions of P&G Corporate Witnesses**

A. The PSC is entitled to up to 25 depositions of P&G corporate witnesses. This number does not include any 30(b)(6) depositions that have already been taken.

---

[4] Pursuant to the parties' agreement, there will be no more than 10 custodians in any Wave, although P&G may elect to produce more than 10 custodial files during a given time period.

### III. Meet and Confer on Open Production Issues

A. The parties shall continue to meet and confer in good faith to negotiate additional production issues, including: (a) the deadlines by which various types of non-custodial productions shall be completed; (b) a process for notification of the completion of production of non-custodial documents; and (c) a process to provide for periodic updates of select custodial and non-custodial sources throughout the litigation. If P&G and the PSC are unable to agree, they shall submit letters setting forth their respective positions on the issues identified in Section III.A., in advance of the July status conference or at another schedule agreed to by P&G and the PSC.

SO ORDERED:

Dated: Newark, New Jersey
June 27, 2018

_____
CLAIRE C. CECCHI
United States District Judge