**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | : MDL NO. 2789 <br> : Civil Action No. 1:17-MD-2789 <br> : <br> : JUDGE CLAIRE C. CECCHI <br> : <br> : |

**CASE MANAGEMENT ORDER NO. 22**
(Defendant Fact Sheet)

The Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Defendant Fact Sheets ("DFS"), and other documents referenced therein.

I.   Scope of Order

This Order (hereinafter referred to as "DFS Enabling Order" or "Order") applies to the named Defendants in: (a) all actions transferred to *In Re: Proton-Pump Inhibitor Products Liability Litigation* ("MDL 2789") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of August 2, 2017; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively, "Member Actions"). This Order, and Defendants' obligations herein, shall apply only to those claims determined to be "Stage 1 Claims," as set forth in Case Management Order No. 9 (Plaintiff Fact Sheet and PFS Document Production) (the "PFS Enabling Order"). No Defendant shall be obligated to produce a DFS to a Plaintiff whose claims are Stage 2 claims as to that Defendant, or who has otherwise failed to comply with the requirements of Section II.A. of the PFS Enabling Order.

1

The obligation to take any action authorized in this Order related to deficiencies in a DFS shall be the sole obligation of the individual attorney hired by the individual plaintiff.  The Plaintiffs' Steering Committee ("PSC") shall have no obligation to take any action with regard to the DFS process for any individual plaintiff.

II.     Defendant Fact Sheets

Within the applicable time period provided in § II.C.1 below, and subject to the terms of the PFS Enabling Order and this DFS Enabling Order, each Defendant in a Member Action is required to complete and serve a verified DFS, as set forth below.

As set forth in the PFS Enabling Order, each Defendant named in a complaint in a Member Action is obligated to serve a DFS in those Stage 1 Claim cases in which the Plaintiff has served on that Defendant a Plaintiff Fact Sheet ("PFS") that is "substantially complete in all respects."[1]

A.  **The DFS Form**

The individual DFS forms (including the agreed upon Deferral Agreements) for each of the respective Defendants have been or will be agreed to by the respective Defendants and the PSC on behalf of all Plaintiffs and/or ordered by this Court.  A copy of the DFS and Deferral Agreements agreed to as of the date of this Order are attached as Exhibits A.1 (AstraZeneca Defendants), A.2 (Pfizer Defendants), A.3 (Procter & Gamble Defendants) and A.4 (Takeda Defendants).

B.  **Defendant's Responses to the DFS**

The questions in the DFS shall be answered without objection as to relevance or the form of the question.

---

[1] As used throughout this Order, the phrase "substantially complete in all respects" shall be ascribed the definition set forth in CMO No. 9 (Plaintiff Fact Sheet and PFS Document Production) paragraph II.B.1.

A Defendant's responses to questions in the DFS or any supplements shall be treated as responses to Interrogatories under Fed. R. Civ. P 33 and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Section II.I., below.

### C. Timing and Service of the DFS

#### 1. Deadline for Serving a DFS

A Defendant in a Member Action shall serve a DFS as follows:

a) For all PFS served on Defendants pursuant to CMO No. 9 before the date of entry of this Order, 120 days from the later of (1) the date of entry of this Order, or (2) the date on which the PFS is substantially complete in all respects as defined in CMO No. 9.

b) For all PFS served on Defendants pursuant to CMO No. 9 on or after the date of entry of this Order, 90 days from the date on which the PFS is substantially complete in all respects as defined in CMO No. 9.

Notwithstanding Sections II.C.1(a) and (b), *above*, the Parties will separately negotiate, at a later date, the deadline for serving a DFS in each of the Member Actions identified in Exhibit C to the parties' Stipulation Regarding Tolling of Statute of Limitations (D.E. 232/235).

#### 2. Extension of Time

Any Defendant may request one extension of thirty (30) days to serve a completed DFS, which the Plaintiff shall not unreasonably withhold. Such requests must be made in writing via email to the Plaintiff's counsel before the expiration of the deadline.

#### 3. Service of the DFS

All completed DFS and responsive records and materials will be (a) served directly on the individual plaintiff's counsel of record who served the PFS triggering the DFS obligation and

(b) a courtesy copy shall be produced to the designee of the Plaintiffs' Steering Committee at

ppidfsservice@weitzlux.com.

**D. Requests for Production of Documents**

        1.     The Requests for Production of Documents in the DFS shall be treated as

document requests under Fed. R. Civ. P. 34, and documents produced in response to such requests

shall be subject to and governed by the Protective Order (Doc. 23) and ESI Order (Doc. 73) entered

in this litigation, unless otherwise agreed to in the DFS or by the parties.[2]

**E. DFS Deficiency Dispute Resolution**

   **1. Phase I: Deficiency Letter**

     a.  If a Plaintiff deems a DFS deficient, the individual Plaintiff's counsel of record
only shall notify the Defendant's counsel of the purported deficiency(ies) in
writing via email and allow the Defendant an additional thirty (30) days to
correct the alleged deficiency(ies). A courtesy copy shall be produced to the
designee of the Plaintiffs' Steering Committee at
ppidfsdeficiency@weitzlux.com.

     b.  The Plaintiff's email communication shall identify the case name, docket
number, and thirty (30) day deadline date and include sufficient detail regarding
the alleged deficiency(ies). A courtesy copy shall be produced to the designee
of the Plaintiffs' Steering Committee at ppidfsdeficiency@weitzlux.com.

   **2. Phase II: Meet & Confer**

    Should the Defendant not respond to the deficiency letter within the time required, as set

forth in Section II.E.1. above, the Plaintiff, through their individually retained counsel only, may

---

[2] A Defendant shall only be required or obligated to produce responsive documents in a format consistent with the
Case Management Order Regarding The Format of Production of Hard Copy Documents and Electronically Stored
Information (ESI Order) in place in this MDL. Should individual Plaintiff's counsel of record not have a platform in
which to load and access the documents (*i.e.*, native or otherwise), accompanying text and load files produced by a
Defendant, (s)he shall liaise directly with the PSC to access the documents in the PSC's repository.

request to meet and confer with the Defendant's counsel regarding the alleged deficiency(ies). The Plaintiff's counsel shall notify the Defendant's counsel in writing via email of the request to meet and confer and state that the meet and confer shall occur within fourteen (14) days. The parties' meet and confer period shall begin upon receipt of the email by the Defendant's counsel and, absent agreement of the parties, shall be completed by the conclusion of the fourteen (14) days.

3. **Phase III: Motion to Compel**

   a. Following the meet and confer period, should the individual Defendant: (i) fail to cure the alleged deficiency(ies); (ii) fail to assert objections with respect to the requests/questions that are the subject of the claimed deficiencies; (iii) fail to respond to or participate in the meet and confer process; or (iv) otherwise fail to provide responses, and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration of the fourteen (14) day meet and confer period, the individual Plaintiff's counsel only may file a motion to compel with respect to the allegedly deficient information.

   b. The filing of a motion to compel made pursuant to this Order shall be via ECF. A courtesy copy of any motion to compel shall be produced to the designee of the Plaintiffs' Steering Committee at ppidfsmotion@weitzlux.com.

   c. Any motion to compel pursuant to this Order need not be noticed for presentment as required by Local Rule 7.1.

   d. The Defendant's response to a motion to compel made pursuant to this provision shall be filed and served within fourteen (14) days following the date of service of the motion. The Plaintiff's reply, if any, to the Defendant's response shall be filed within seven (7) days following the date of service of the Defendant's response in opposition to the motion.

   e. Absent an order from the Court granting a request by either party or both parties for oral argument, the Court will rule on such motions without hearing argument.

F. **Failure to Serve a DFS**

    1. **Phase I: Notice of Non-Compliance**

        a. Should a Defendant fail to serve an executed DFS within the time required in this Order, including Section II.C.2., above, the individual Plaintiff's counsel only shall send a Notice of Non-Compliance letter via email to that Defendant's counsel.  A courtesy copy shall be produced to the designee of the Plaintiffs' Steering Committee at ppidfsdeficiency@weitzlux.com.

        b. Following receipt of the Notice of Non-Compliance, the Defendant shall have twenty-one (21) days to serve the DFS.

    2. **Phase II: Meet & Confer**

Should a Defendant not respond to the Notice of Non-Compliance within the time required in Section II.F.1.b. above, then the Plaintiff may request to meet and confer regarding the non-compliance. The individual Plaintiff's counsel only shall notify the Defendant's attorney of record in writing via email of the request to meet and confer and state that the meet and confer shall occur within fourteen (14) days.  The parties' meet and confer period shall begin upon receipt of the email by the Defendant's counsel and, absent agreement of the parties, shall be completed by the conclusion of the fourteen (14) days.

    3. **Phase III: Motion to Compel**

        a. Should the Defendant fail to provide an executed DFS following the time period allowed in Section II.F.1.b., above, and subject to the meet and confer obligations set forth in Section II.F.2., above, the Plaintiff, through their individually retained counsel only, may move the Court for an order compelling service of the DFS.

        b. Any such filing shall be via ECF.  A courtesy copy of the motion to compel shall be produced to the designee of the Plaintiffs' Steering Committee at ppidfsmotion@weitzlux.com.

c. The Defendant's response to a motion to compel made pursuant to this provision shall be filed and served within fourteen (14) days following the date of service of the motion. The Plaintiff's reply, if any, to the Defendant's response shall be filed within seven (7) days following the date of service of the Defendant's response in opposition to the motion.

d. Any motion to compel pursuant to this Order need not be noticed for presentment as required by Local Rule 7.1.

e. Absent an order from the Court granting a request by either party or both parties for oral argument, the Court will rule on such motions without hearing argument.

## G. Supplements and Verification

1. Each Defendant shall remain under a continuing duty to supplement the information provided in the DFS pursuant to Fed. R. Civ. P. 26(e).

2. Each completed DFS shall be verified, signed and dated by someone authorized to sign on behalf of the defendant entity as if it were interrogatory responses under Fed. R. Civ. P. 33. All responses in a DFS or amendment thereto are binding on the Defendant as if they were contained in answers to interrogatories under Fed. R. Civ. P. 33 and can be used for any purpose and any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the confidentiality provisions of Section I , below.

## H. Service of Process of the Complaint

Nothing in this Order shall alter or otherwise suspend a Plaintiff's requirement to effectuate service of his or her complaint on any Defendant named in the complaint.

7

**I.   Confidentiality**

Each Defendant's DFS responses are made subject to the Protective Order entered in this litigation (Doc. 23).  Unless otherwise marked as Highly Confidential, all information disclosed in a DFS, the DFS itself, and all related documents produced pursuant to the DFS shall be deemed confidential and treated as "Confidential Information" as defined in the Protective Order.  Additionally, some of the information produced may be redacted to protect the privacy rights of third parties.

IT IS SO ORDERED, this 30 day of _____July_____ 2018.

HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

8