UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | 2:17-MD-2789 (CCC)(MF)<br>(MDL 2789)<br>and all member and related cases<br><br>Judge Claire C. Cecchi |

## CASE MANAGEMENT ORDER NO. 24
### (Dismissal of Certain Takeda U.S. Defendants)

WHEREAS on February 2, 2018, the Plaintiffs' Steering Committee ("PSC") filed a Master Complaint (the "Master Complaint"), in *In re Proton-Pump Inhibitor Prod. Liab. Litig.* (D.N.J. Case No. 2:17-md-02789-CCC-MF (MDL No. 2789) (the "PPI MDL"), naming, among others, Defendants Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA"), Takeda Pharmaceuticals America ("TPA"), Inc., Takeda Pharmaceuticals LLC, Takeda Pharmaceuticals International, Inc., Takeda California, Inc. (f/k/a Takeda San Diego, Inc.), Takeda Development Center Americas, Inc. ("TDCA"), f/k/a Takeda Global Research & Development Center, Inc., Takeda Pharmaceutical Company Limited ("TPC"), and TAP Pharmaceutical Products, Inc. f/k/a TAP Holdings (collectively, "Stipulating Defendants"), for injuries that allegedly resulted from Plaintiffs' use of proton pump inhibitor ("PPI") medications Prevacid, Dexilant, Prevacid 24HR, and Protonix.

WHEREAS subsequent to the filing of the Master Complaint, the PSC and other Plaintiffs' counsel have filed Short Form Complaints and/or intend to bring additional lawsuits against the Stipulating Defendants on behalf of additional

1

plaintiffs claiming injuries allegedly resulting from their use of PPIs (hereinafter "future PPI plaintiffs and/or claimants" or "future PPI lawsuits").

WHEREAS the parties wish to avoid motion practice regarding the naming of defendants in this litigation who are represented to be improper and/or unnecessary, to streamline the procedure for service of process and the execution of any waivers of service, and to designate an agreed upon location for depositions of the Stipulating Defendants' employees that may occur during the pendency of the litigation.

WHEREAS the PSC (acting on behalf of themselves and other Plaintiffs' counsel who have and/or may have actions in the PPI MDL), the Stipulating Defendants, and their counsel have conferred, consented, stipulated and agreed to the following, and good cause appearing therefore;

It is hereby ORDERED:

1. Tucker Ellis LLP and Venable LLP (Defendants' Counsel) represent the Stipulating Defendants. All Stipulating Defendants, and Defendants' Counsel are aware of this litigation and have the authority to enter into this Stipulation on behalf of these entities.

2. The Stipulating Defendants deny the allegations in this litigation. Furthermore, by entering into this Stipulation, the Stipulating Defendants do not waive any arguments or defenses, including but not limited to jurisdiction, venue, service, or statutes of limitations or repose except as otherwise noted herein, or within the Stipulation Regarding Tolling of Statutes of Limitations [Dkt. 229-1]. In the event, however, that a judgment is entered or a settlement is reached, in a

matter filed in, or transferred to, the PPI MDL for Plaintiffs or future PPI plaintiffs and/or claimants, for which any of the Stipulating Defendants is/are liable, such judgment or settlement will be satisfied by TPUSA, TPA, TPC, and/or TDCA (collectively "Takeda Defendants"), which Defendants' Counsel represent to Plaintiffs' Counsel is/are sufficiently capitalized to satisfy any such judgment or settlement. For this reason and for the additional reasons noted below (and in Paragraph 3), the PSC and appropriate Plaintiffs' Counsel shall remove and dismiss from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits, pursuant to the provisions of Paragraph 3, the following Stipulating Defendants (the PSC does not stipulate to the accuracy of the Defense Counsel's representations in 2a. through 2e. below but does rely upon them):

    a. Takeda Pharmaceuticals LLC, ("TPLLC"): As represented by Defense Counsel to the PSC and the Court, TPLLC was a Delaware limited liability company with its principal place of business at One Takeda Parkway in Deerfield, Illinois. TPLLC no longer exists and was not in existence at the time the Master Complaint was filed.

    b. TAP Pharmaceutical Products, Inc. f/k/a TAP Holdings ("TAP"): As represented by Defense Counsel to the PSC and the Court, TAP was dissolved in 2008 and no longer exists, and was not in existence at the time the Master Complaint was filed.

    c. Takeda Pharmaceuticals International, Inc. ("TPI"): As represented by Defense Counsel to the PSC and the Court, TPI is a Delaware corporation with its principal place of business at One Takeda Parkway in Deerfield, Illinois. TPI is an unnecessary defendant to this litigation.

    d. Takeda California, Inc. ("TCAL") As represented by Defense Counsel to the PSC and the Court, TCAL is a Delaware corporation with its principal place of business at 10410 Science Center Drive in San Diego, California. TCAL is an unnecessary defendant to this litigation. TCAL has not conducted research and development, clinical trials, safety surveillance, manufacturing, sales or marketing of PPIs.

  e. Takeda San Diego, Inc. ("TSD") As represented by Defense Counsel to the PSC and the Court, TSD was merged with another affiliate within Takeda and, on January 1, 2012, the surviving entity was renamed TCAL. As noted above, TCAL has not conducted research and development, clinical trials, safety surveillance, manufacturing, sales or marketing of PPIs.

3. The Court hereby directs Plaintiffs and Plaintiffs' Counsel to remove and voluntarily dismiss without prejudice from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits, TPLLC, TAP, TPI, TCAL and TSD (the "Dismissed Defendants"), with Plaintiffs and Stipulating Defendants to bear their own costs.

4. Service of any future filed Summons and Complaint against the Dismissed Defendants will not be accepted, and Plaintiffs' counsel agree that the Dismissed Defendants will have no obligation to answer, move, or otherwise plead in response to each such complaint until further order of the MDL Court. Should Plaintiffs' Counsel hereafter decide that any or all of the Dismissed Defendants are proper or necessary defendants in a case or cases, then Plaintiffs' Counsel may, on behalf of Plaintiffs or future PPI plaintiffs, amend an existing, or file a future, action in which any of the Takeda Defendants are also named to include any or all of the Dismissed Defendants; in the event such occurs, Plaintiffs will serve the amended or new complaint on the newly added Dismissed Defendant(s)' registered agent for service of process. The Dismissed Defendants reserve all other bases of a personal jurisdiction defense (and the Dismissed Defendants contend that it is unlikely that the Court will have personal jurisdiction over them). The Stipulating Defendants agree that, notwithstanding the dismissal of and/or agreement not to name the

Dismissed Defendants, the running of any Limitations Period[1] imposed by any jurisdiction within the United States for the filing of a civil action by Plaintiffs shall relate back to the date that the underlying action was/is filed by that Plaintiff against any or all of Takeda Defendants. However, the Stipulating Defendants expressly reserve and do not waive their right to assert that the Limitations Period expired prior to the date that the underlying action was/is filed by that Plaintiff against any or all of Takeda Defendants. The parties expressly agree that this Stipulation shall not revive in any manner any claims or causes of action that were already barred by the Limitations Period prior to or on the date of filing of the underlying action.

5. The Dismissed Defendants shall be relieved of any obligation to provide responses to discovery requests until further order of the MDL Court. However, the Takeda Defendants will produce responsive and discoverable information from the Dismissed Defendants to the extent it exists and will not object to discovery requests on the ground that the Dismissed Defendants will no longer be named as defendants in the litigation. The Stipulating Defendants do not waive other objections to any discovery that Plaintiffs or future PPI plaintiffs may serve, including, but not limited to, relevancy, proportionality, privacy, confidentiality, privilege, competency, admissibility, burden and other good faith objections.

---

[1] The parties agree that the term "Limitations Period" shall mean any and all time limitations on the assertion, prosecution, or filing or service of the lawsuit, including any and all statutes of limitations, statutes of repose, discovery statutes, time limitations in equity, statutory time conditions on filing suits, laches, and any other time bars as determined by the relevant statute of limitations period of the plaintiff's state of residence (without regard to conflict of laws or borrowing statutes). Nothing herein modifies the Stipulation Regarding Tolling of Statutes of Limitations [Dkt. 229-1].

6. The Stipulating Defendants will continue to meet their preservation obligations as if they were still parties to the litigation.

7. The Stipulating Defendants stipulate that they shall not object to the deposition testimony of employees from the Dismissed Defendants or documents (including ESI) produced by the Dismissed Defendants being considered an admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2), provided that the testimony and documents would otherwise be considered an admission of a party if the Dismissed Defendants were parties in this action.

8. The parties agree that any deposition of current employees and former employees (to the extent such former employees are represented by Takeda's counsel) of the Takeda U.S. Defendants and/or TAP, shall occur at the Hyatt Regency Deerfield, 1750 Lake Cook Road, Deerfield, IL 60015, unless the parties mutually agree to an alternative location. The Takeda Defendants agree to bear all costs and expenses charged by the aforementioned Hyatt Deerfield to accommodate the location of the depositions.

9. The Dismissed Defendants are deemed stricken from the Master Complaint without need for the PSC to file an Amended Master Complaint. Attached hereto this CMO as **Exhibit A** is Plaintiffs' Second Amended Short Form Complaint and Jury Demand, which does not identify any of the Dismissed Defendants and shall be used as the operative Short Form Complaint from the date of this Order forward. Within thirty (30) days of entry of this Order, the Dismissed Defendants shall submit to the Court a notice of dismissal attaching to it a list of all cases filed in or transferred to this PPI MDL prior to the date of this Order in which any of the

Dismissed Defendants are named as defendants. After receiving the notice of dismissal, the Court shall process the dismissal of the Dismissed Defendants from each individual Complaint or Short Form Complaint filed against them. The Dismissed Defendants' deadline to respond to any individual Complaints is extended indefinitely subject to paragraph 4, above. Nothing herein shall otherwise preclude the parties from amending their pleadings pursuant to the Federal Rules of Civil Procedure and the Case Management Orders entered in the PPI MDL.

10. This Stipulation may be signed in counterparts.

IT IS SO STIPULATED.

DATED: September 14, 2018

                         VENABLE LLP

                         By:    /s/ Craig A. Thompson
                                 Craig A. Thompson
                                 Jason C. Rose
                                 VENABLE LLP
                                 750 East Pratt Street
                                 Baltimore, MD 21202
                                 Telephone: 410.244.7400
                                 Facsimile: 410.244.7742
                                 cathompson@venable.com
                                 jcrose@venable.com

                        TUCKER ELLIS LLP

                         By:    /s/ Sherry Knutson
                                 Sherry Knutson
                                 James Hemmings
                                 233 South Wacker Drive
                                 Suite 6950
                                 Chicago, Illinois 60606-9997
                                 (312) 624-6300
                                 (312) 624-6309
                                 sherry.knutson@tuckerellis.com
                                 james.hemmings@tuckerellis.com

*Attorneys for the Stipulating Defendants*

By: /s/ *Christopher A. Seeger*
Christopher A. Seeger (co-lead counsel)
Seeger Weiss, LLP
550 Broad Street, Suite 920
Newark, NJ 07102
(973) 639-9100
cseeger@seegerweiss.com

/s/ *Stephanie O'Connor*
Stephanie O'Connor (co-lead counsel)
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
(212) 566-7500
soconnor@douglasandlondon.com

*On Behalf of Plaintiffs' Executive and Steering Committees*

**SO ORDERED:**

**Dated: Newark, New Jersey
September 18, 2018**

**CLAIRE C. CECCHI
United States District Judge**