IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY NEWARK DIVISION

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 2789<br>Case No.: 2:17-md-2789 (CCC)(MF) |

CASE MANAGEMENT ORDER NO. 25
(Dismissal of Certain GlaxoSmithKline Defendants)

The Court hereby issues the following Case Management Order ("Order" or "CMO"):

A.  On February 2, 2018, the Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive Committee, and Plaintiffs' Steering Committee (collectively "PSC") filed a Master Complaint (the "Master Complaint"), in *In re Proton-Pump Inhibitor Prod. Liab. Litig.* (D.N.J. Case No. 2:17-md-02789-CCC-MF (MDL No. 2789)) (the "PPI MDL"), naming, among others, Defendants GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, GlaxoSmithKline Consumer Healthcare, L.P., GlaxoSmithKline Consumer Healthcare (US) IP LLC,[1] and Novartis Consumer Health, Inc., (n/k/a GSK Consumer Health, Inc.) (collectively, "Stipulating Defendants"), for injuries that allegedly resulted from Plaintiffs' use of Prevacid® 24HR.

B.  Subsequent to the filing of the Master Complaint, the PSC and other Plaintiffs' counsel have filed Short Form Complaints and/or intend to bring additional lawsuits against the Stipulating Defendants on behalf of additional plaintiffs claiming injuries allegedly resulting

---

[1] GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC was named in Plaintiffs' Master Long Form Complaint as well as Plaintiffs' Short Form Complaint. The correct name of this entity is GlaxoSmithKline Consumer Healthcare (US) IP LLC.

from their use of proton pump inhibitor(s) ("PPI") (hereinafter "future PPI plaintiffs and/or claimants" or "future PPI lawsuits").

C.  The parties wish to avoid motion practice regarding the naming of defendants in this litigation who have been represented as improper and/or unnecessary parties.

   1.  Reed Smith LLP (Defendants' Counsel) represents Defendants GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, GlaxoSmithKline Consumer Healthcare, L.P., GlaxoSmithKline Consumer Healthcare (US) IP LLC, and Novartis Consumer Health, Inc., (n/k/a GSK Consumer Health, Inc.). All Stipulating Defendants and their counsel are aware of this litigation and have the authority to enter into this Stipulated CMO on behalf of these entities.

   2.  The Stipulating Defendants deny the allegations in this litigation. Furthermore, by entering into this Stipulated CMO, the Stipulating Defendants do not waive any arguments or defenses, including but not limited to jurisdiction, venue, service, or statutes of limitations or repose except as otherwise noted herein. For this reason and for the additional reasons noted below (and in Paragraph C.4), the PSC and other Plaintiffs' Counsel shall remove and dismiss from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits that are filed in this MDL, pursuant to Paragraph 3, the following Stipulating Defendants (the PSC does not stipulate to the accuracy of the Defense Counsel's representations in C.2. a. through 2.b. below but does rely upon them):

       a.  GlaxoSmithKline Consumer Healthcare L.P.: As represented by Defense Counsel to the PSC and the Court, GlaxoSmithKline Consumer Healthcare L.P. is a Delaware limited partnership that conducts business at 184 Liberty Corner Road, Warren, NJ 07059. GlaxoSmithKline Consumer Healthcare L.P. and has not conducted research and development, clinical trials, safety surveillance, manufacturing, sales or marketing of PPIs.

  b. GlaxoSmithKline Consumer Healthcare (US) IP LLC (sued as GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC): As represented by Defense Counsel to the PSC and the Court, GlaxoSmithKline Consumer Healthcare (US) IP LLC is incorporated in Delaware with its principal place of business at 184 Liberty Corner Road, Warren, NJ 07059. GlaxoSmithKline Consumer Healthcare (US) IP LLC and has not conducted research and development, clinical trials, safety surveillance, manufacturing, sales or marketing of PPIs.

  3. The Court hereby directs Plaintiffs to remove and voluntarily dismiss without prejudice from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits filed in the MDL, GlaxoSmithKline Consumer Healthcare L.P. and GlaxoSmithKline Consumer Healthcare (US) IP LLC (sued as GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC ("Dismissed Defendants") with Plaintiffs and Stipulating Defendants to bear their own costs. Should any Plaintiffs' Counsel hereafter decide that any and/or all of the Dismissed Defendants are proper defendants in a case or cases, then said Plaintiffs' Counsel may, on behalf of Plaintiffs or future PPI plaintiffs, amend an existing, or file a future, action in which Novartis Consumer Health, Inc., (n/k/a GSK Consumer Health, Inc.) and/or GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, is also named to include any or all of the Dismissed Defendants. Service of any future filed Summons and Complaint against the Dismissed Defendants may be made upon Defendants' Counsel, but the Dismissed Defendants reserve all other bases of a personal jurisdiction defense. The Stipulating Defendants agree that, notwithstanding the dismissal of and/or requirement not to name the Dismissed Defendants, the running of any Limitations Period[2] imposed by any jurisdiction within the United States for the filing of a civil action by Plaintiffs or future PPI plaintiffs against the

---

[2] The parties agree that the term "Limitations Period" shall mean any and all time limitations on the assertion, prosecution, or filing or service of the lawsuit, including any and all statutes of limitations, statutes of repose, discovery statutes, time limitations in equity, statutory time conditions on filing suits, laches, and any other time bars as determined by the relevant statute of limitations period of the plaintiffs state of residence (without regard to conflict of laws or borrowing statutes).

Dismissed Defendants shall relate back to the date that the underlying action was/is filed by that Plaintiff ("underlying action"). Should a PPI Claimant decide to name one of the Stipulating Defendants in the future, those actions shall relate back to April 16, 2018 for Statute of Limitations purposes.[3] However, the Stipulating Defendants expressly reserve and do not waive their right to assert that the Limitations Period expired prior to the date of filing of the underlying action. The parties expressly agree that this Stipulation shall not revive in any manner any claims or causes of action that were already barred by the Limitations Period prior to or on the date of filing of the underlying action.

4. Novartis Consumer Health, Inc., (n/k/a GSK Consumer Health, Inc.) and/or GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, will produce responsive and discoverable facts, documents, information, materials and witnesses, including F.R.C.P. 30(b)(6) depositions, of the Stipulating Defendants, and will not object to discovery requests on the ground that the Dismissed Defendants will no longer be named as defendants in the litigation. To the extent Plaintiffs seek discovery from the Dismissed Defendants, discovery demands and notices shall be served on counsel for Novartis Consumer Health, Inc., (n/k/a GSK Consumer Health, Inc.) and/or GlaxoSmithKline Consumer Healthcare Holdings (US) LLC. The Stipulating Defendants do not waive other objections to any discovery that Plaintiffs or future PPI plaintiffs may serve, including, but not limited to, relevancy, proportionality, privacy, confidentiality, privilege, competency, admissibility, burden and other good faith objections. However, the Stipulating Defendants stipulate and agree that any documents, information,

---

[3] Once the MDL has closed to new cases, the statute of limitation will no longer relate back to April 16, 2018, for any future filings against the Stipulating Defendants. In addition, nothing in this CMO modifies or expands the terms of the Stipulation Regarding Tolling of Statutes of Limitation (Case 2:17-md-02789-CCC-MF, Document 229-1), governing the tolling of the statute of limitations with respect to claims against any GSK entities, including the Stipulating Defendants.

including ESI, and materials produced by the Dismissed Defendants will be certified to be authentic under Fed. R. Evid. 902(11) and/or (12) and meet the requirements of Fed. R. Evid. 803(6)(A)-(C), subject to the Agreed Protective Order for Documents and ESI/Discovery Agreement in the PPI MDL.

5. The Stipulating Defendants are following their preservation obligations as of the date of reasonable anticipation of litigation and will continue to meet their preservation obligations as if they were still parties to the litigation.

6. The Stipulating Defendants stipulate that they shall not object to the deposition testimony of employees from the Dismissed Defendants or documents (including ESI) produced by the Dismissed Defendants being considered an admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2), provided that the testimony and documents would otherwise be considered an admission of a party if the Dismissed Defendants were parties in this action.

7. The Dismissed Defendants are deemed stricken from the Master Complaint without need for the PSC to file an Amended Master Complaint. Attached hereto this CMO as **Exhibit A** is Plaintiffs' Second Amended Short Form Complaint and Jury Demand, which does not identify any of the Dismissed Defendants and shall be used as the operative Short Form Complaint from the date of this Order forward. Within thirty (30) days of entry of this Order, the Dismissed Defendants shall submit to the Court a notice of dismissal attaching to it a list of all cases filed in or transferred to this PPI MDL prior to the date of this Order in which any of the Dismissed Defendants are named as defendants. After receiving the notice of dismissal, the Court shall process the dismissal of the Dismissed Defendants from each individual Complaint or Short Form Complaint filed against them. The Dismissed Defendants' deadline to respond to

any individual Complaints is extended indefinitely subject to paragraph 4, above. Nothing herein shall otherwise preclude the parties from amending their pleadings pursuant to the Federal Rules of Civil Procedure and the Case Management Orders entered in the PPI MDL.

**IT IS SO STIPULATED.**

**DATED: SEPTEMBER 14, 2018**

        REED SMITH, LLP
          By: /s/ Stephen J. McConnell
          Stephen J. McConnell
          Three Logan Square
          1717 Arch Street, Suite 3100
          Philadelphia, PA 19103
          Email: smcconnell@reedsmith.com

        Sonja S. Weissman
        101 Second Street, Suite 1800
        San Francisco, CA 94105
        Phone: (415) 543-8700
        Fax: (415) 391-8269
        Email: sweissman@reedsmith.com

        Attorneys for the Stipulating Defendants


By:   /s/ Christopher A. Seeger
      Christopher A. Seeger (co-lead counsel)
      Seeger Weiss, LLP
      550 Broad Street, Suite 920
      Newark, NJ 07102
      (973) 639-9100
      cseeger@seegerweiss.com

      /s/ Stephanie O'Connor
      Stephanie O'Connor (co-lead counsel)
      Douglas & London, P.C.
      59 Maiden Lane, 6th Floor
      New York, NY 10038
      (212) 566-7500
      soconnor@douglasandlondon.com

On Behalf of Plaintiffs' Executive and Steering Committees

**SO ORDERED:**

Dated: Newark, New Jersey
       September 18, 2018

                                              **CLAIRE C. CECCHI**
                                              **United States District Judge**