UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | 2:17-MD-2789 (CCC)(MF) (MDL 2789) and all member and related cases |
| This Document Relates to: ALL ACTIONS | Judge Claire C. Cecchi |

CASE MANAGEMENT ORDER NO. 26
(Dismissal of Wyeth Defendants)

The Court hereby issues the following Case Management Order ("Order" or "CMO"):

1) On February 2, 2018, the Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive Committee, and Plaintiffs' Steering Committee (collectively "PSC") filed a Master Complaint (the "Master Complaint"), in *In re Proton-Pump Inhibitor Prod. Liab. Litig.(No. II)* (D.N.J. Case No. 2:17-md-02789-CCC-MF (MDL No. 2789)) (the "PPI MDL"), naming, among others, Defendants Pfizer Inc., Wyeth LLC, Wyeth-Ayerst Laboratories, and Wyeth Pharmaceuticals, Inc. (collectively, "Stipulating Defendants"), for injuries that allegedly resulted from Plaintiffs' use of Protonix and Nexium 24HR.

2) Subsequent to the filing of the Master Complaint, the PSC and other Plaintiffs' counsel have filed Short Form Complaints and/or intend to bring additional lawsuits against the Stipulating Defendants on behalf of additional plaintiffs claiming injuries allegedly resulting from their use of proton pump inhibitor(s) ("PPI") (hereinafter "future PPI plaintiffs and/or claimants" or "future PPI lawsuits").

3) The parties wish to avoid motion practice regarding the naming of defendants in this litigation who it has been represented are improper and/or unnecessary parties.

(a) DLA Piper LLP (US) (hereinafter referred to as "Defendants' Counsel") represents Stipulating Defendants. Stipulating Defendants and their counsel are aware of this litigation and have the authority to enter into this CMO on behalf of these entities.

(b) The Stipulating Defendants deny the allegations in this litigation. Furthermore, by entering into this CMO, the Stipulating Defendants do not waive any arguments or defenses, including but not limited to jurisdiction, venue, service, or statutes of limitations or repose except as otherwise noted herein. In the event, however, that a judgment is entered or a settlement is reached, in a matter filed in, or transferred to, the PPI MDL for Plaintiffs or future PPI plaintiffs and/or claimants, for which any of the Stipulating Defendants is/are liable, such judgment or settlement will be satisfied by Pfizer Inc., which Defendants' Counsel represent to Plaintiffs' Counsel is sufficiently capitalized to satisfy any such judgment or settlement. For this reason and for the additional reasons noted below, the PSC and other Plaintiffs' Counsel shall remove and dismiss from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits that are filed in this MDL, pursuant to Paragraph 3, the following Stipulating Defendants (the PSC does not stipulate to the accuracy of the representations in (i)-(iii) below, but does rely on them):

(i) **Wyeth LLC**. Wyeth LLC is a Delaware limited liability company with its principal place of business located in Collegeville, Pennsylvania. Wyeth LLC is a wholly-owned subsidiary of Pfizer Inc.

(i) **Wyeth-Ayerst Laboratories**. Wyeth-Ayerst Laboratories was a division of Wyeth LLC (which is a wholly-owned subsidiary of Pfizer Inc.) with its principal place of business in Collegeville, Pennsylvania.

(i) **Wyeth Pharmaceuticals Inc.** Wyeth Pharmaceuticals Inc. was a Delaware corporation with its principal place of business in Collegeville, Pennsylvania, but has since become Wyeth Pharmaceuticals LLC, a Delaware limited liability company with its principal place of business in Pennsylvania. Pfizer Inc. is the sole member of Wyeth Pharmaceuticals LLC.

(c) The Court hereby directs Plaintiffs to remove and voluntarily dismiss without prejudice from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits filed in the MDL, Wyeth LLC, Wyeth-Ayerst Laboratories, and Wyeth Pharmaceuticals Inc. (now Wyeth Pharmaceuticals LLC) (collectively, "Dismissed Defendants") with Plaintiffs and Stipulating Defendants to bear their own costs. Should any Plaintiffs' Counsel hereafter decide that any and/or all of the Dismissed Defendants are proper defendants in a case or cases, then said Plaintiffs' Counsel may, on behalf of Plaintiffs or future PPI plaintiffs, amend an existing, or file a future, action in which Pfizer Inc. is also named to include any or all of the Dismissed Defendants. The Stipulating Defendants agree that, notwithstanding the dismissal of and/or requirement not to name the Dismissed Defendants, the running of any Limitations Period[1] imposed by any jurisdiction within

---

[1] The parties agree that the term "Limitations Period" shall mean any and all time limitations on the assertion, prosecution, or filing or service of the lawsuit, including any and all statutes of limitations, statutes of repose,

the United States for the filing of a civil action by Plaintiffs or future PPI plaintiffs against the Dismissed Defendants shall relate back to the date that the underlying action was/is filed by that Plaintiff ("underlying action"). However, the Stipulating Defendants expressly reserve and do not waive their right to assert that the Limitations Period expired prior to the date of filing of the underlying action. The parties expressly agree that this Stipulation shall not revive in any manner any claims or causes of action that were already barred by the Limitations Period prior to or on the date of filing of the underlying action.

(d) Pfizer Inc. will produce responsive and discoverable facts, documents, information, materials and witnesses, of the Stipulating Defendants, and will not object to discovery requests on the ground that the Dismissed Defendants will no longer be named as defendants in the litigation. To the extent Plaintiffs seek discovery from the Dismissed Defendants, discovery demands and notices shall be served on Defendants' Counsel. The Stipulating Defendants do not waive other objections to any discovery that Plaintiffs or future PPI plaintiffs may serve, including, but not limited to, relevancy, proportionality, privacy, confidentiality, privilege, competency, admissibility, burden and other good faith objections. However, the Stipulating Defendants stipulate and agree that they will not object to the authenticity under Fed. R. Evid. 902(11) and/or (12) and admissibility pursuant to the requirements of Fed. R. Evid. 803(6)(A)-(C), subject to the Agreed Protective Order for Documents and ESI/Discovery Agreement in the PPI MDL, to any documents,

---

discovery statutes, time limitations in equity, statutory time conditions on filing suits, laches, and any other time bars as determined by the relevant statute of limitations period of the plaintiff's state of residence (without regard to conflict of laws or borrowing statutes).

information, including ESI, and materials produced by the Dismissed Defendants on the grounds that the Dismissed Defendants are not parties to the lawsuit.

(e) The Stipulating Defendants will continue to meet their preservation obligations as if they were still parties to the litigation.

(f) The Stipulating Defendants stipulate that they shall not object to the deposition testimony of employees from the Dismissed Defendants or documents (including ESI) produced by the Dismissed Defendants being considered an admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2), provided that the testimony and documents would otherwise be considered an admission of a party if the Dismissed Defendants were parties in this action.

(g) The Dismissed Defendants are deemed stricken from the Master Complaint without need for the PSC to file an Amended Master Complaint. Attached hereto this CMO as Exhibit A is Plaintiffs' Second Amended Short Form Complaint and Jury Demand, which does not identify any of the Dismissed Defendants and shall be used as the operative Short Form Complaint from the date of this Order forward. Within thirty (30) days of entry of this Order, the Dismissed Defendants shall submit to the Court a notice of dismissal attaching to it a list of all cases filed in or transferred to this PPI MDL prior to the date of this Order in which any of the Dismissed Defendants are named as defendants. After receiving the notice of dismissal, the Court shall process the dismissal of the Dismissed Defendants from each individual Complaint or Short Form Complaint filed against them. The Dismissed Defendants' deadline to respond to any individual Complaints is extended indefinitely subject to paragraph 3, above. Nothing herein shall otherwise preclude

the parties from amending their pleadings pursuant to the Federal Rules of Civil Procedure and the Case Management Orders entered in the PPI MDL.

/s/ Christopher A. Seeger
Christopher A. Seeger
(co-lead counsel)
Seeger Weiss, LLP
550 Broad Street, Suite 920 Newark, NJ 07102
(973) 639-9100
cseeger@seegerweiss.com

/s/ Stephanie O'Connor
Stephanie O'Connor
(co-lead counsel)
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
(212) 566-7500
soconnor@douglasandlondon.com

*On Behalf of Plaintiffs' Executive and Steering Committees*

/s/ Loren H. Brown
Loren H. Brown
Cara D. Edwards
Lucas P. Przymusinski
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
loren.brown@dlapiper.com
cara.edwards@dlapiper.com
lucas.przymusinski@dlapiper.com

/s/ Matthew A. Holian
Matthew A. Holian
Katie W. Insogna
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Tel: (617) 406-6000
Fax: (617) 406-6100
matt.holian@dlapiper.com
katie.insogna@dlapiper.com

/s/ Stephen C. Matthews
Stephen C. Matthews
DLA PIPER LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
Tel: (973) 520-2550
Fax: (973) 520-2551
steve.matthews@dlapiper.com

*Attorneys for Defendants Pfizer Inc., Wyeth LLC, Wyeth Pharmaceuticals Inc., and Wyeth-Ayerst Laboratories*

**SO ORDERED:**

**Dated: Newark, New Jersey**

September 18, 2018

_____
**CLAIRE C. CECCHI**
**United States District Judge**

7