**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | : MDL NO. 2789<br>: Civil Action No. 17-MD-2789<br>:<br>: JUDGE CLAIRE C. CECCHI |

**CASE MANAGEMENT ORDER NO. 27**
(Omnibus Order to Address requested Amendments in Prior Case Management Orders)

The Court hereby issues the following Case Management Order ("CMO") specifically to amend, supersede, and/or clarify the following provisions of the following CMOs: CMO 7 (Master Complaint, Master Answers, Short Form Adoption, Direct Filing); CMO 9 (Plaintiff Fact Sheet and PFS Document Production);

**I.   CMO 7 (Master Complaint, Master Answers, Short Form Adoption, Direct Filing)**

    **A.**   For cases filed on or after the date of entry of this Order, pursuant to CMO 7, the Direct Filing Order ("DFO"), Defendants' obligation to interpose a Short Form Answer pursuant to Section II.B is vacated. Instead, Defendants shall be required to file, in each such case, a Notice of Appearance (in the form attached hereto as Exhibit A) that shall be filed via ECF not prior to service of a Complaint, but no later than within thirty (30) days (or the time period provided pursuant to Fed.R.Civ.P. 4(d)) following service of a complaint. The Notice of Appearance, along with a Defendant's Master Answer filed in the Master Docket, shall serve as a Defendant's Answer, unless and until the case is selected as a Bellwether Discovery or Trial Case or remanded, at which time an Answer more specific to that case may be required and will be addressed in a future CMO. Any and all affirmative defenses asserted in the Master Answer shall be deemed asserted upon the filing of each Notice of Appearance and a Defendant's

election, pursuant to this Order, not to file a Short Form Answer may not be later used against that Defendant for any purpose in this MDL or any other litigation or proceeding.

B. For currently pending (non-tolled) cases in which one or more Defendants interposed an Answer or Short Form Answer prior to service of the Complaint on such Defendants, the Plaintiff Fact Sheet ("PFS") shall be due 75 days from the date of entry of this Order; all other deadlines, extension requests, and deficiency/procedural deadlines set forth in CMO 9 shall apply to these PFSs. Further, the Defendant(s) who interposed an Answer or Short Form Answer prior to service shall not contest service in any cases in which Defendant(s) so answered. Attached hereto as Exhibit B is list of these cases and the Defendant(s) that answered prior to service in each.

C. Defendants shall not be permitted to interpose a Notice of Appearance (or otherwise Answer) prior to service of the Complaint on that Defendant or prior to receiving a Rule 4(d)(1) request to waive service.

D. The following Defendants agree to accept service of a Complaint or Rule 4(d)(1) waiver of service request at the following electronic mail addresses:

- AstraZeneca Pharmaceuticals LP and AstraZeneca LP may be served with Complaints at: PPIComplaints@icemiller.com

- Merck, Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck, Sharp & Dohme Corporation may be served with the Complaints at: PPIComplaints@icemiller.com

- Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc. and Takeda Development Center Americas, Inc. may be served with (1) the Short Form Complaint (as amended) or (2) a Notice of Lawsuit and Request to Waive Service of Summons and

a Waiver of the Service of Summons pursuant to Federal Rule of Civil Procedure 4(d)(1), at the following email address: ppi_complaints@grsm.com. This provision in no way affects or modifies the requirements and process for service on Takeda Pharmaceutical Company Limited (located in Japan) set forth in Section II.D of CMO 7.

- Abbott Laboratories may be served with (1) the Short Form Complaint (as amended) or (2) a Notice of Lawsuit and Request to Waive Service of Summons and a Waiver of the Service of Summons pursuant to Federal Rule of Civil Procedure 4(d)(1), at the following email address: ppi_complaints@grsm.com.

- The Procter & Gamble Company and The Procter & Gamble Manufacturing Company may be served with requests to waive service that comport with Rule 4(d)(1) at the following email address: PPIcomplaints@ulmer.com.

- GlaxoSmithKline Consumer Healthcare Holding (US) LLC and Novartis Consumer Healthcare (n/k/a GSK Consumer Health, Inc.) may be served with (1) the Short Form Complaint (as amended) or (2) a Notice of Lawsuit and Request to Waive Service of Summons and a Waiver of the Service of Summons pursuant to Federal Rule of Civil Procedure 4(d)(1), at the following email address: PPIcomplaints@reedsmith.com.

    1. There shall be no more than 25 complaints and/or requests to waive service served in a single email. If more than one complaint and/or request to waive service is served in a single email, the email shall contain an index listing the names and docket numbers of the cases being served.

**E.** All other aspects of CMO 7 shall remain in place, in effect and binding on the litigants.

**II.** **CMO 9 (Plaintiff Fact Sheet and PFS Document Production)**

**A.** Consistent with CMO 9, for all cases filed on or after the date of entry of this Order, the deadline under CMO 9, Section V. B. (Cases Filed in or Transferred to This District

After Entry of This Order), for a plaintiff to serve his or her PFS and other materials required by CMO 9 shall now be ninety (90) days from the date of service of the first Notice of Appearance received and filed by a Defendant under Section I. A. of this Order.

**B.**   Defendants acknowledge and agree that providing medical authorizations that have been dated is not a PFS deficiency as defined under Section(s) II.B.1.a., II.D. or IV. Moreover, CMO 9 directs Plaintiffs' counsel to maintain undated authorizations so that they may be executed at a later date by Plaintiffs' counsel pursuant to Section IV.A. Plaintiffs' counsel will cooperate with any requests by Defendants for additional or replacement (to the extent the original authorization is expired or in a format not accepted by the provider) authorizations in accordance with CMO 9 Section IV.C-D. Any alleged deficiency regarding service of a dated authorization is hereby withdrawn and the obligations of the Defendant Fact Sheet pursuant to CMO 22 shall not be delayed based upon this no longer valid alleged PFS deficiency.

**C.**   CMO No. 9 requires that a Plaintiff serving a PFS produce, with respect to each Defendant named in the complaint whose PPI product(s) is (or are) identified in the PFS, a single record showing use of at least one of that Defendant's PPI product(s). Given some unique aspects of this litigation, and in an effort to facilitate Defendants' identification of, evidence of PPI use in the records being produced, the following shall apply: for each PPI product alleged to have been used by a plaintiff in the PFS, the Plaintiff shall provide one location where each product is identified in the records produced by the Plaintiff with his/her PFS. The Plaintiff is only required to provide one instance of the product used and is not required to provide every (or more than one) instance in which such product is identified. Identification by a Plaintiff of a record showing use of a Defendant's product shall not be construed as the only evidence of

product identification upon which a Plaintiff may rely. The Plaintiff may provide the location of this information in any of the following ways:

   a. Bookmarking and highlighting within the medical record(s) provided with the PFS;

   b. Listing the Bates Number of the record(s) where product ID can be found within the PFS answer; or

   c. Attaching a list to the PFS that lists the Bates Number of the record(s) where product ID can be found.

   **D.** The parties agree that as it pertains to responding to alleged deficiencies in a PFS under CMO 9, a supplemental response that is not sworn to by the Plaintiff is not a deficiency. Instead, counsel for the Plaintiff may respond to alleged deficiency letters via informal response (i.e. letter or email) that is not a newly sworn to amended PFS or other attested to document. The parties further agree that any plaintiff with unattested to additional responses to a PFS via deficiency response or as a supplement, shall sign all supplemental/amended information no later than 7 days before his/her deposition when the case is selected as a Bellwether Discovery Case under CMO 21. The parties also recognize that certain information that is the subject to deficiency responses and supplementation is not necessarily within a Plaintiff's personal knowledge and proper for attestation. As such, the parties reserve fully their rights to address attestation issues surrounding supplemental/amended responses to a PFS and/or in response to deficiency letters following the selection of cases as Bellwether Discovery Cases pursuant to CMO 21. Notwithstanding, at any point prior to the signature/attestation, Defendants may rely upon any unsigned and unattested to supplements/amendments as though verified and approved by the Plaintiff.

   **E.** All other aspects of CMO 9 shall remain in place, in effect and binding on the litigants.

### III. PROCESS FOR AMENDING SHORT FORM COMPLAINTS

A. Plaintiffs will be permitted to amend a Short Form Complaint without leave of the Court prior to inclusion in a Bellwether Discovery Group, but shall be required to file an Amended Short Form Complaint, which must only be served on any/all Defendants who had not yet appeared in the prior individual action. Amending a Short Form Complaint for a case selected in the Bellwether Discovery Group will be governed by a separate CMO.

IT IS SO ORDERED, this 24th day of September 2018.

HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE