**SEEGER WEISS LLP**
55 CHALLENGER ROAD
6TH FLOOR
RIDGEFIELD PARK, NJ 07660
(973) 639-9100
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II) | MDL No. 2789 |
| | JUDGE CLAIRE C. CECCHI |
| | MAGISTRATE MARK FALK |
| This Document Relates to: | Case No.: 2:17-md-2789 (CCC)(MF) |
| *Peter Mos v. AstraZeneca Pharmaceuticals LP* 2:18-cv-05435-CCC-MF | **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF PETER MOS** |

**I.     INTRODUCTION**

The law firm of Seeger Weiss LLP and all associated counsel, through Christopher A. Seeger, represents Plaintiff Peter Mos in this pharmaceutical products liability action presently pending before this court. The action, which was filed on April 4, 2018 in the District of New Jersey, alleges that Plaintiff Peter Mos suffered personal injuries, <u>inter alia</u>, acute kidney injury and chronic kidney disease, as a result of his alleged ingestion of Nexium. The named Defendants, including AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation, are the manufacturers and distributors of Nexium.

Good cause exists for permitting withdrawal of your undersigned counsel for Plaintiff in

that a conflict has arisen between Plaintiff and his counsel, making it unreasonably difficult for the firm to continue to represent the client in this action. No case-specific discovery has yet been completed in this matter and no trial date has been set. Plaintiff will, therefore, not be prejudiced by the proposed withdrawal.

## II. BACKGROUND

The basic facts and procedural history at issue in this motion are not in dispute. This action was filed in the District of New Jersey on April 4, 2018 as part of MDL No. 2789: *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*. Although general discovery relevant to all cases pending in this MDL has been ongoing, discovery specific to this action has not yet commenced. On February 5, 2018, the Court entered Case Management Order No. 9 ("CMO 9") which required Plaintiffs to complete and serve a duly executed Plaintiff Fact Sheet and medical authorizations within specified time periods. Pursuant to CMO 9, Plaintiff's Fact Sheet responses were due on October 13, 2018. Subsequently, on December 13, 2018, Defendants filed a motion to compel Plaintiffs' Fact Sheet responses. For the reasons set forth in the Declaration of Asim M. Badaruzzaman, Esq., your undersigned counsel for Plaintiff now moves to withdraw as the attorney of record for Plaintiff in this action.

## III. LEGAL STANDARD

The applicable rules of professional conduct permit withdrawal of your undersigned counsel for Plaintiff. The New Jersey Rules of Professional Conduct allow an attorney to withdraw from representing a client if:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

  (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client

  … or

  (7) other good cause for withdrawal exists.

RPC 1.16(b)(6). The RPC further require that the withdrawing attorney "take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, [and] surrendering papers and property to which the client is entitled..." RPC 1.16(d).

## IV. ARGUMENT

As evidenced by the attached Declaration of Asim M. Badaruzzaman, Esq., good cause for withdrawal exists as a conflict has arisen between Plaintiff and his counsel making it unreasonably difficult for your undersigned and our law firm to continue to represent our client, Peter Mos.

In addition, withdrawal can be accomplished without material adverse effect on the interests of the client. No case-specific discovery has yet been completed in this matter and no trial is set in the present action. Therefore, your undersigned respectfully seeks leave of the Court to withdraw from this action now. Plaintiff has adequate time to find substitute counsel if he so desires, and withdrawal at this stage will not cause any delay or prejudice to Plaintiff.

Should the Court require specificity regarding the nature of the conflict that is the subject of this motion, Counsel for Plaintiff requests that the Court permit an *in camera* hearing to provide the Court with any additional information that the Court may deem necessary.

WHEREFORE, Seeger Weiss LLP and all associated counsel respectfully request that this Honorable Court grant it leave to withdraw as counsel of record for the Plaintiff and that,

should Plaintiff choose to continue to pursue this matter on his own or with new counsel, afford Plaintiff such reasonable time to secure new counsel and oppose Defendants' motion to compel as the Court deems just and proper.

Date: December 27, 2018

RESPECTFULLY SUBMITTED,

/s/ Christopher A. Seeger
Christopher A. Seeger
Asim M. Badaruzzaman
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Ph: (973) 639-9100
Fax: (973) 679-8656
cseeger@seegerweiss.com
abadaruzzaman@seegerweiss.com