

November 15, 2019

**VIA ECF**

Honorable Judge Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

       **In Re: Proton-Pump Inhibitor Products Liability Litigation**
           **2:17-md-2789 (CCC)(MF) (MDL 2789)**

Dear Judge Cecchi,

    Pursuant to Your Honor's Order, dated November 13, 2019 (Doc. No. 502), the Plaintiffs' Steering Committee (hereafter "PSC") respectfully submits this letter to update the Court on the status of the PPI MDL Litigation. As detailed below, we are requesting that the Court resolve several open issues so that discovery can be conducted efficiently and cases can proceed to trial.

    **I.**    **Bellwether Trial Schedule**

    The parties have met and conferred on a joint trial schedule as directed by the Court. Unfortunately, we have been unable to agree on the appropriate length of time needed to complete general and fact discovery for the bellwether cases. As set forth in the proposed schedule annexed hereto, the PSC believes this work can be completed by the Spring of 2021 and are requesting a March 2021 trial date. Defendants, however, are seeking an April 2022 trial date.

    The reason for this is clear and entirely consistent with Defendants' pattern of delay. Notably, the Defendants:

- Dragged out negotiations on a bellwether plan for nearly a year;
- Required the PSC to resort to the lengthy process under the Hague Convention to obtain deposition testimony from critical foreign witnesses;
- Provided deposition dates for current employees that are on average 3 to 4 months from the date of request; and
- Refused or delayed production of information relating to their clinical trials and non-clinical trials.

    These tactics have wasted valuable time, during which, many plaintiffs have died. Indeed, under Defendants proposed trial schedule, the first federal court trial would not take place until

nearly 5 years after this MDL was formed. By contrast, the AstraZeneca Defendants have moved very aggressively in the Delaware state court litigation, where they have been pressing for an expedited schedule and trial date. Thus, it is clear that Defendants are seeking to have the first trials occur in state court rather than before Your Honor. This gamesmanship should not be tolerated. Not only is it disrespectful to this Court, but it undermines the very efficiencies intended by the multi-district litigation process.

Further, only today did Defendants respond to our repeated requests to provide us with their list of approximately 1,200 Eligible Bellwether Cases. As the Court will recall, this list of cases formed the very basis for Defendants' bellwether plan proposals and shaped their requests for pool size, randomization, and the need for strikes. On at least two occasions, Mr. Brown told Your Honor in chambers that he would provide this list to the PSC. Almost one year ago, at the December 19, 2018 conference, Your Honor specifically directed the parties to confer on "the list," yet it was not until today, as the PSC was preparing this status update, did Defendants inform us that they would be producing the list today. Unfortunately, the list they have provided is missing critical information, including but not limited to: the date the case was deemed Stage 1, which Defendants are named in the complaint, the plaintiff's state of residence, and the law firm that represents the plaintiff. This is all information that Defendants have, yet seemingly removed from the list prior to producing it to the PSC. In order to conduct meaningful meet and confer with Defendants about the accuracy of this list, the PSC should have the same information available to Defendants. Their prior refusal to provide the list, coupled with Defendants withholding of needed information, demonstrate their intent to inhibit our ability to evaluate the cases and to build further delay in the trial schedule.

The PSC's schedule is reasonable and only extends the original schedule 6 months beyond the original trial date. Moreover, to the extent extra time is needed, the Court can modify the schedule but we should not reward Defendants' recalcitrance by delaying the first trial until 2022. Thus, we respectfully request that the Court order the schedule proposed by Plaintiffs.

## II.　Motions Challenging Privilege Clawbacks

The PSC has filed two motions challenging the AstraZeneca Defendants' improper clawback of documents under a claim of privilege. The clawbacks at issue took place during the depositions of Svante Joelson and Martin Billger in Sweden. While only the Joelson privilege claim has been fully briefed at this time, the PSC has requested that the Court review the documents at issue *in camera*, as the clawbacks interfered with the depositions of these witnesses,[1] and a ruling or any guidance from the Court will be instructive to the parties moving forward, as well as other Defendants. From the PSC's perspective, it is important to have these issues resolved

---

[1] As noted in our briefing, in both instances, AstraZeneca rejected the PSC's proposal that questioning on the documents be allowed to proceed, without waiving Defendants' rights to assert the privilege at the time when the Court could resolve the issue. Indeed, when the clawback occurred during the Joelson deposition, this approach was endorsed by Magistrate Judge Falk. In both instances, Defendants refused.

promptly so we can complete the depositions of these important witnesses and to ensure that similar conduct does not occur in future depositions.

### III.    Report on Depositions

As noted above and detailed in prior submissions, the PSC has experienced great difficulty in scheduling the depositions of AstraZeneca witnesses in a timely fashion. Indeed, from the time of request, it takes on average at least 4 months to get an AstraZeneca deposition completed. Similarly, Proctor & Gamble recently represented that a witness first requested in August would not be available until February 2020. This type of foot-dragging is unacceptable.

### IV.    Document Productions

While AstraZeneca agreed months ago to produce native SAS files and related documents, they have yet to do so. Nor have they provided a firm date by which this would be done. Similarly, they have objected to interrogatories requesting specific information about their clinical trials and non-clinical trials. This information will be needed for trial. Given the amount of time these discovery requests have been outstanding, the PSC requests that the Court set a 14-day deadline for the SAS production and order expedited briefing Defendants' refusal to meaningfully respond to the PSC's interrogatories.

### V.    Defendants' Request for a Clean-Up CMO

Defendants' suggestion that a deadline must be ordered for a "Clean Up CMO" is disingenuous, as we requested their proposal more than 2 months ago. This request was ignored, as they have still not provided a draft proposal nor have Defendants even requested to meet and confer on this issue. While we are happy to discuss any proposal with Defendants, setting a deadline to submit competing orders is premature, particularly when we don't even know what relief they are requesting.

We thank the Court for its time and courtesy, and look forward to discussing these issues in greater detail at the upcoming case management conference.

Respectfully submitted,

/s/ Christopher A. Seeger
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, NJ 07660
212-584-0700
212-584-0799 (fax)
cseeger@seegerweiss.com

/s/ Stephanie O'Connor
Stephanie O'Connor

Letter to Judge Claire C. Cecchi    4                                    November 15, 2019

                                                    DOUGLAS & LONDON, P.C.
                                                    59 Maiden Lane, 6th Fl.
                                                    New York, NY 10038
                                                    212-566-7500
                                                    212-566-7501 (fax)
                                                    soconnor@douglasandlondon.com

                                                    *Plaintiffs' Co-Lead Counsel*

cc:  All Counsel of Record (via ECF)