**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION | : MDL NO. 2789<br>: Civil Action No. 1:17-MD-2789<br>:<br>: JUDGE CLAIRE C. CECCHI |

**CASE MANAGEMENT ORDER NO. 33**
**(SELECTION OF BELLWETHER DISCOVERY CASES AND TRIAL CASES)**

The Court hereby issues the following Case Management Order ("CMO") to govern the selection of Bellwether Discovery Cases and Bellwether Trial Cases.

I.    Eligibility Requirements for the Bellwether Discovery Cases

1.    The Plaintiffs whose cases are eligible for selection for bellwether discovery are Plaintiffs who, as of May 31, 2019, had: (a) complaints pending in this MDL proceeding that had been served upon all named Defendants; (b) provided a Plaintiff Fact Sheet that was "substantially complete in all respects" as set forth in Paragraph II.B.1 of Case Management Order No. 9 regarding Plaintiff Fact Sheet and PFS Document Production; and (c) in accordance with Section III of Case Management Order No. 9, provided "Stage 1 Claim" evidence with respect to each named defendant, meaning Plaintiffs who had produced a record identifying the use of at least one of each named defendant's proton pump inhibitor ("PPI") products (hereinafter, the "Eligible Cases").[1]

---

[1] As noted below, the parties contemplate a period of time for the parties to meet and confer over which cases are Eligible Cases.

II.  Selection Procedure for the Bellwether Discovery Cases

1. The parties are meeting and conferring to develop a list of the Eligible Cases. Any unresolved disputes about the eligibility of a particular case for bellwether discovery shall be presented to and decided by the Court. After all such disputes have been resolved, the Court and the parties will have a list of all Eligible Cases (the "Eligible Cases List").

2. Thereafter, each side shall select five (5) cases from the Eligible Cases List and confidentially inform the Court of the selections. The Court shall remove the ten (10) selected cases from the Eligible Cases List and then provide the remaining Eligible Cases to the Clerk. A randomizer shall then be used by the Clerk to randomly select 200 cases from the remaining Eligible Cases, for a total of 210 cases ("the Remaining Eligible Cases").

3. From the group of 210 cases, the PSC shall select sixteen (16) cases and the Defendants shall select sixteen (16) cases. From the group of thirty-two (32) cases selected by the PSC and Defendants, the PSC shall strike six (6) cases and the Defendants shall strike six (6) cases, leaving a pool of twenty (20) cases for core, case-specific discovery (the "Bellwether Discovery Cases").

4. If at any time Plaintiffs dismiss one or more of the Bellwether Discovery Cases, the Court will allow Defendants to select an equal number of replacement cases from the Remaining Eligible Cases. If circumstances arise regarding the replenishment of cases whereby Defendants desire a different remedy, or Plaintiffs believe they should be entitled to replenishment or a different remedy, the Court may further meet and confer with the parties to determine whether any other replenishment procedures should be adopted.

III.  Selection Procedure for Bellwether Trial Cases

1.  From the 20 Bellwether Discovery Cases, six (6) cases shall ultimately be chosen to serve as trial cases ("Bellwether Trial Cases). Following the completion of core, case-specific discovery in the Bellwether Discovery Cases, the parties shall submit either an agreed proposed case management order, or competing proposals if agreement cannot be reached, to govern the selection of six (6) of the Bellwether Discovery Cases for further case-specific discovery and trials. The selection process in that proposed case management order shall incorporate the following requirements: (i) the first trial of a Bellwether Discovery Case shall involve a plaintiff who does not reside in New Jersey and has circumstances pursuant to which applicable choice-of-law would not require the application of New Jersey substantive law; (ii) the second trial of a Bellwether Discovery case shall involve a plaintiff who resides in New Jersey and/or has circumstances pursuant to which applicable choice-of-law would dictate the application of New Jersey substantive law (a "New Jersey Plaintiff"); and (iii) the sequence of future third, fourth, fifth and sixth trials of Bellwether Discovery Cases shall be determined by the Court at a later date.

IV. *Lexecon* Waivers

1.  All Plaintiffs and all Defendants to which this order applies[2] have agreed to affirmatively waive their right under *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998) to object to this Court overseeing the trial of the case, to the extent necessary, only for trials 1 and 3 through 6. Because the second trial shall involve a New Jersey Plaintiff, no *Lexecon* waiver is necessary

---

[2] Novartis Pharmaceuticals Corporation, Novartis Institutes for Biomedical Research, Inc., Novartis Vaccines and Diagnostics, Inc., and Novartis Corp. have not joined in this bellwether plan, and have not provided a *Lexecon* waiver, because these entities have taken the position that they are not proper parties in this litigation.

3

or has been given. Defendants' *Lexecon* waivers herein are expressly conditioned upon each of the 6 trials being separate, individual plaintiff trials, not multi-plaintiff trials.

IT IS SO ORDERED, this 20 day of November, 2019.

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE