**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| **IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)** <br><br> **This Document Relates to ALL ACTIONS** | **MDL No. 2789** <br> **Case No.: 2:17-md-2789 (CCC)(MF)** |

**CASE MANAGEMENT ORDER NO. 42**
**(Dismissal of Novartis Defendants)**

The Court hereby issues the following Case Management Order ("Order" or

"CMO"):

A.      On February 2, 2018, the Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive

Committee, and Plaintiffs' Steering Committee (collectively "PSC") filed a Master

Complaint (the "Master Complaint"), in *In re Proton-Pump Inhibitor Prod. Liab. Litig.*

(D.N.J. Case No. 2:17-md-02789-CCC-MF (MDL No. 2789)) (the "PPI MDL"), naming

four Novartis entities – Defendants Novartis Pharmaceuticals Corporation, Novartis

Corporation, Novartis Institutes for Biomedical Research, Inc., and Novartis Vaccines &

Diagnostics, Inc. (hereinafter, the "Stipulating Defendants") – for injuries that allegedly

resulted from Plaintiffs' use of Prevacid24HR®.

B.      Subsequent to the filing of the Master Complaint, the PSC and other Plaintiffs'

counsel have filed Short Form Complaints and/or intend to bring additional lawsuits

against the Stipulating Defendants on behalf of additional plaintiffs claiming injuries

allegedly resulting from their use of proton pump inhibitor(s) ("PPI") (hereinafter "future

PPI plaintiffs and/or claimants" or "future PPI lawsuits").

C.      The parties wish to avoid motion practice regarding the naming of defendants in this litigation who it has been represented are improper and/or unnecessary parties.

1.      Hollingsworth LLP (Stipulating Defendants' Counsel) represent Novartis Pharmaceuticals Corporation, Novartis Corporation, Novartis Institutes for Biomedical Research, Inc., and Novartis Vaccines & Diagnostics, Inc. All Stipulating Defendants and their counsel are aware of this litigation and have the authority to enter into this Stipulated CMO on behalf of these entities.

2.      The Stipulating Defendants deny the allegations in this litigation. Furthermore, by entering into this Stipulated CMO, the Stipulating Defendants do not waive any arguments or defenses, including but not limited to jurisdiction, venue, service, or statutes of limitations or repose except as otherwise noted herein. For the reasons noted below (and in Paragraph C. 4), the PSC and other Plaintiffs' Counsel shall remove and dismiss from all pending lawsuits in the PPI MDL, and agree to no longer name as defendants in any future PPI lawsuits that are filed in this MDL, pursuant to Paragraph 3, the Stipulating Defendants. The PSC does not stipulate to the accuracy of the Defense Counsel's representations in C. 2.a through 2.e below but does rely upon them:

a.      *Novartis Pharmaceuticals Corporation* ("NPC"): As represented by Defense Counsel to the PSC and the Court, NPC is a Delaware corporation whose principal place of business is in East Hanover, New Jersey.

b.      *Novartis Corporation* ("Novartis Corp."): As represented by Defense Counsel to the PSC and the Court, Novartis Corp. is a New York corporation whose principal place of business is in East Hanover, New Jersey.

c.      *Novartis Institutes for Biomedical Research, Inc.* ("NIBRI"): As represented by Defense Counsel to the PSC and the Court, NIBRI is a Delaware corporation whose principal place of business is in Cambridge, Massachusetts.

d.      *Novartis Vaccines & Diagnostics, Inc.* ("NVD"): As represented by Defense Counsel to the PSC and the Court, NVD is a Delaware corporation whose principal place of business is in East Hanover, New Jersey.

e.      As represented by Defense Counsel to the PSC and the Court, none of the Stipulating Parties has ever held the New Drug Application for Prevacid24HR®, ever had responsibility for labeling or warnings for Prevacid24HR®, or ever sold Prevacid24HR®. None of the Stipulating Parties has an ownership interest or stake in Novartis Consumer Health, Inc. (n/k/a GlaxoSmithKline Consumer Health, Inc.), and none of the Stipulating Parties market Prevacid24HR®.

3.      The Court hereby directs the voluntarily dismissal without prejudice from all pending lawsuits in the PPI MDL, and Plaintiffs agree to no longer name as defendants in any future PPI lawsuits filed in the MDL, the Stipulating Defendants, with Plaintiffs and Stipulating Defendants to bear their own costs. Any necessary dismissal stipulations shall be filed by counsel for Stipulating Defendants.  Should any Plaintiffs' Counsel later learn that any and/or all of the Stipulating Defendants are proper defendants in a case or cases, then said Plaintiffs' Counsel may, on behalf of Plaintiffs or future PPI plaintiffs, amend an existing, or file a future, action in which Novartis Consumer Health, Inc. (n/k/a GSK Consumer Health, Inc.) and/or GlaxoSmithKline Consumer Healthcare Holdings (US) LLC is also named to include any or all of the Stipulating Defendants. Service of any future filed Summons and Complaint against the Stipulating Defendants may be made upon Stipulating Defendants' Counsel, but the Stipulating Defendants reserve all other bases of a personal jurisdiction defense. The Stipulating Defendants agree that, notwithstanding the dismissal of and/or requirement not to name the Stipulating Defendants, the running of any Limitations Period[1] imposed by any jurisdiction within the United States for the filing of a

---

[1] The parties agree that the term "Limitations Period" shall mean any and all time limitations on the assertion, prosecution, or filing or service of the lawsuit, including any and all  statutes  of limitations,  statutes  of repose, discovery statutes,  time  limitations in equity, statutory time conditions on filing suits, laches, and any other time bars as determined by the relevant statute of limitations period of the plaintiff's state of  residence (without

civil action by Plaintiffs or future PPI plaintiffs against Stipulating Defendants shall relate back to the date that the underlying action was/is filed by that Plaintiff ("underlying action"). However, the Stipulating Defendants expressly reserve and do not waive their right to assert that the Limitations Period expired prior to the date of filing of the underlying action. The parties expressly agree that this Stipulation shall not revive in any manner any claims or causes of action that were already barred by the Limitations Period prior to or on the date of filing of the underlying action.

4.      To the extent plaintiffs identify discovery needed from Stipulating Defendants that cannot be obtained from Novartis Consumer Health, Inc. (n/k/a GlaxoSmithKline Consumer Health, Inc.) or GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, Stipulating Defendants agree to provide third party discovery of responsive and discoverable facts, documents, information, materials and witnesses of the Stipulating Defendants, and will not object to discovery requests on the ground that the Stipulating Defendants will no longer be named as defendants in the litigation. To the extent Plaintiffs seek discovery from the Stipulating Defendants, discovery demands and notices shall be served on counsel for Stipulating Defendants. The Stipulating Defendants do not waive other objections to any discovery that Plaintiffs or future PPI plaintiffs may serve, including, but not limited to, relevancy, proportionality, privacy, confidentiality, privilege, competency, admissibility, burden and other good faith objections. However, the Stipulating Defendants stipulate and agree that any documents, information, including ESI, and materials produced by the Stipulating Defendants will be certified to be authentic under Fed. R. Evid. 902(11) and/or (12) and meet the requirements of Fed. R. Evid. 803(6)(A)-

---

regard to conflict of laws or borrowing statutes).

(C), subject to the Agreed Protective Order for Documents and ESI/Discovery Agreement in the PPI MDL.

5.      The Stipulating Defendants are following their preservation obligations as of the date of reasonable anticipation of litigation and will continue to meet their preservation obligations as if they were still parties to the litigation.

6.      The Stipulating Defendants are deemed stricken from the Master Complaint without need for the PSC to file an Amended Master Complaint. Attached hereto this CMO as **Exhibit A** is Plaintiffs' Third Amended Short Form Complaint and Jury Demand, which does not identify any of the Stipulating Defendants and shall be used as the operative Short Form Complaint from the date of this Order forward.

7.      Within thirty (30) days of entry of this Order, the Stipulating Defendants shall submit to the Court a notice of dismissal attaching to it a list of all cases filed in or transferred to this PPI MDL in which any of the Stipulating Defendants are named as defendants.  After receiving the notice of dismissal, the Court shall process the dismissal of the Stipulating Defendants from each individual Complaint or Short Form Complaint filed against them. Whenever additional claims against the Stipulating Defendants are identified for dismissal pursuant to this CMO after the entry of this order, the Stipulating Defendants shall confer with Plaintiffs' counsel and submit lists of such cases to the Court with a notice of dismissal, which the Court shall then process. The Stipulating Defendants' deadline to respond to any individual Complaints is extended indefinitely and until such dismissal occurs or if they are renamed pursuant to paragraph 3, above. Nothing herein shall otherwise preclude the parties from amending their pleadings pursuant to the Federal Rules of Civil Procedure and the Case Management Orders entered in the PPI MDL.

5

**IT IS SO STIPULATED.**

**DATED: June 1, 2020**

By:     */s/ Andrew L. Reissaus*
Stephen A. Klein
Andrew L. Reissaus
**HOLLINGSWORTH LLP**
1350 I Street NW
Washington, DC 20005
Phone: 202-898-5800
Facsimile: 202-682-1639
sklein@hollingsworthllp.com
areissaus@hollingsworthllp.com

*Counsel for Stipulating Defendants*

By:     */s/ Christopher A. Seeger*
Christopher A. Seeger (co-lead counsel)
Seeger Weiss, LLP
550 Broad Street, Suite 920
Newark, NJ 07102
(973) 639-9100
cseeger@seegerweiss.com

*/s/ Stephanie O'Connor*
Stephanie O'Connor (co-lead counsel)
Douglas & London, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
(212) 566-7500
soconnor@douglasandlondon.com

*On Behalf of Plaintiffs' Executive and Steering Committees*

**SO ORDERED:**

**Dated: Newark, New Jersey
June 5, 2020**

**CLAIRE C. CECCHI
United States District Judge**

6