# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: PROTON-PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)**<br><br>**This Document Relates to:**<br><br>*Bales v. AstraZeneca Pharmaceuticals LP*, No. 2:17-cv-06124<br><br>*Foster v. AstraZeneca Pharmaceuticals LP*, No. 2:17-cv-02475<br><br>*Kersch v. AstraZeneca LP*, No. 2:18-cv-03159<br><br>*Lee v. AstraZeneca Pharmaceuticals LP*, No. 2:17-cv-00212<br><br>*Nelson v. AstraZeneca Pharmaceuticals LP*, No. 2:17-cv-13727<br><br>*Rieder v. AstraZeneca Pharmaceuticals LP*, No. 2:19-cv-00850 | Case No. 2:17-md-2789-CCC-MF<br>(MDL 2789) |

**JOINT REPORT TO THE SPECIAL MASTER RE *DAUBERT* MOTION ORAL ARGUMENT**

Pursuant to section III.A of the Special Master's Amended Procedures Regarding Oral Arguments on Preemption, *Rieder* Statute of Limitations, *Daubert* Motions, and Related Summary Judgment Motions, AstraZeneca, Takeda, and Plaintiffs submit this Joint Report regarding the parties' meet-and-confer efforts to narrow the disputes raised in the parties' *Daubert* motions.

Counsel for AstraZeneca, Takeda, and Plaintiffs participated in three meet-and-confer calls and numerous emails. The first call took place on Thursday, March 17, and attendees included Stephanie O'Connor, Paul Pennock, Jonathan Sedgh, and Josh Autry (for Plaintiffs), Julie du Pont and Jake Miller (for AstraZeneca), and James Mizgala (for Takeda). The second call took place on Tuesday, March 22, and attendees included Stephanie O'Connor, Paul Pennock, and Josh Autry (for Plaintiffs), Julie du Pont and Jake Miller (for AstraZeneca), and James Mizgala (for Takeda). The third call took place on Thursday, March 24, and attendees included Stephanie O'Connor, Paul Pennock, and Josh Autry (for Plaintiffs), Julie du Pont and Jake Miller (for AstraZeneca), and James Mizgala (for Takeda). Each meet and confer session lasted approximately 25 minutes.

As a result of the parties' meet-and-confer efforts, the following agreements have been reached.

1) Plaintiffs agree to withdraw their motion to exclude Dr. Pinto-Martin, and AstraZeneca agrees to withdraw its motion to exclude Dr. Gerstman.

2) AstraZeneca and Plaintiffs agree to mutually rest on the papers with regard to AstraZeneca's motions to exclude Dr. Charytan and Dr. Mehal.

3) Plaintiffs and AstraZeneca agree to mutually rest on the papers with regard to Plaintiffs' motions to exclude Dr. Gibbons.

4) Plaintiffs and Takeda agree to mutually rest on the papers with regard to Plaintiffs' motions to exclude Dr. Hansen.

5) Plaintiffs and AstraZeneca agree to limit oral argument regarding Plaintiffs' motion to exclude Dr. Deo to the *Rieder* case.

6) To the extent Plaintiffs seek to prevent Dr. Lansita from offering an opinion on the pathological criterion or significance of chronic progressive nephropathy (CPN) to humans, AstraZeneca does not oppose Plaintiffs' motion. Plaintiffs still seek to exclude other CPN opinions by Dr. Lansita, drug cost opinions by Dr. Lansita, and any opinion by Dr. Lansita about whether PPIs would be approved by the FDA today, which AstraZeneca opposes.

7) To the extent Plaintiffs seek to prevent Dr. Lansita from offering an opinion on the historical cost of bringing Prilosec or Nexium to market, AstraZeneca does not oppose Plaintiffs' motion. Plaintiffs still seek to exclude other drug cost opinions by Dr. Lansita, other CPN opinions by Dr. Lansita, and any opinion by Dr. Lansita about whether PPIs would be approved by the FDA today, which AstraZeneca opposes.

8) To the extent Plaintiffs seek to prevent Dr. Hansen from offering an opinion on the biological plausibility of AIN developing into AKI or CKD, Takeda does not oppose Plaintiffs' motion. Plaintiffs still seek to exclude any other opinions by Dr. Hansen about biological plausibility as well as all other opinions by Dr. Hansen, which Takeda opposes.

9) To the extent Plaintiffs seek to prevent Dr. Leonard-Segal from offering a medical causation opinion on whether a causal association exists between PPI use and CKD, Takeda does not oppose Plaintiffs' motion. Plaintiffs still seek to exclude all other opinions by Dr. Leonard-Segal, which Takeda opposes.

10) To the extent AstraZeneca seeks to prevent Dr. Mehal from providing an opinion on the adequacy of the label in a regulatory

3

context, Plaintiffs do not oppose AstraZeneca's motion. AstraZeneca still seeks to exclude all other opinions by Dr. Mehal, which Plaintiffs oppose.

11) To the extent Defendants seek to prevent Dr. Wells from offering (a) an opinion that PPIs cause CKD, and (b) an opinion that his analyses establish that PPIs are harmful to the kidney, Plaintiffs do not oppose their motion. Defendants still seek to exclude Dr. Wells in all other respects, which Plaintiffs oppose.

12) To the extent Defendants seek to prevent Dr. Moeckel from offering an opinion that PPIs cause acute or chronic kidney disease in humans or from using animal evidence to prove general causation, Plaintiffs do not oppose their motion. Defendants still seek to exclude Dr. Moeckel in all other respects, which Plaintiffs oppose.

Dated: March 25, 2022