**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: PROTON-PUMP INHIBITOR**<br>**PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to:**<br><br>**All cases identified herein** | **2:17-MD-2789 (CCC)(LDW)**<br>**(MDL 2789)**<br><br>**Judge Claire C. Cecchi** |

**ORDER REGARDING**
**<u>CASE MANAGEMENT ORDER NO. 84</u>**

**I.     Introduction**

On April 7, 2022, this Court entered Case Management Order ("CMO") No. 74, setting 200 cases for discovery in Wave One.[1] The parties have subsequently conferred with Special Master Ellen Reisman concerning discovery issues and disputes that have arisen in the course of litigating these Wave One cases.

On September 13, 2022, CMO No. 84 was issued.[2] It identified four plaintiffs who did not provide defendants with dates for their depositions.[3] These four plaintiffs are William Paul Orum (Case No. 2:18-cv-00359), Glenda Brazle (Case

---

[1] CMO No. 74, at 1, ECF No. 781.
[2] CMO No. 84, ECF No. 864.
[3] CMO No. 74, among other things, permitted each side to take up to five fact witness discovery depositions, including the plaintiff. CMO No. 74, ECF No. 781. CMO No. 74 set the "Deadline to serve written discovery requests" as July 15, 2022, and the "Deadline to respond to written discovery" as August 12, 2022. CMO No. 84 was entered approximately one month after the latter of these deadlines had passed.

1

No. 2:18-cv-08239), Paula Sue Ford (Case No. 2:19-cv-13657), and Clarissia Marquez, Individually and as Next Friend of Jacob Kitchen, a Minor Child (Case No. 2:19-cv-15663). CMO No. 84 ordered these four plaintiffs to show good cause within thirty days (by October 13, 2022) why their cases should not be dismissed.[4] Plaintiffs were specifically warned that "[f]ailure to comply with the terms of this Order will result in the dismissal of the case."[5] The plaintiffs in those four cases have never responded to the order to show cause in CMO No. 84.

## II. Failure to Comply with Court Orders

A district court has the inherent authority and authority under the Federal Rules of Civil Procedure to impose sanctions, including dismissal, for failure to comply with its orders.[6] Furthermore, when a party in a pending matter "fails to obey an order to provide or permit discovery…the court where the action is pending

---

[4] CMO No. 84, at 2, ECF No. 864.
[5] CMO No. 84, at 2, ECF No. 864.
[6] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123 ("[t]hese other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions."); *see also Schaffer v. Home Mortg. Corp.*, No. 18-8842, 2020 U.S. Dist. LEXIS 245706, at *6-7 (D.N.J. Sept. 17, 2020) (Report & Recommendation of Mag. J. Donio), adopted by *Schaffer v. Home Mortg. Corp.*, No 18-8842, 2020 U.S. Dist. LEXIS 245123 (D.N.J. Dec. 31, 2020) (dismissal warranted where plaintiff refused to comply with court orders); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("[d]istrict court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious resource other than dismissal. The Federal Rules of Civil Procedure and the United States Supreme Court have recognized and provided for this practice.").

may issue further orders."[7] These further orders may include "dismissing the action or proceeding in whole or in part."[8]

Here, the plaintiffs in the four cases identified above failed to comply with CMO Nos. 74 and 84 by failing to provide a date for plaintiffs' depositions and failing to respond to the order to show cause. When a plaintiff has failed to follow the orders of a court, whether a discovery order or an order to show cause, the court may dismiss the case after undertaking analysis of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, which are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. [9]

The first *Poulis* factor focuses on the extent of the party's personal responsibility. While it is not clear whether the plaintiffs or their counsel are responsible for their failure to comply with CMO Nos. 74 and 84, the Third Circuit

---

[7] Fed. R. Civ. P. 37(b)(2)(A)
[8] Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Fattah v. Beard*, 214 Fed. Appx. 230, 232 fn. 1 (3d Cir 2007) (noting that Federal Rule of Civil Procedure 37(b)(2) "provides for court-imposed sanctions, including dismissal of the action, if a party fails to obey an order to provide or permit discovery.")
[9] *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Aruanno v. Johnson*, 2022 U.S. App. LEXIS 5350, at *4 (3d Cir. 2022) (applying the *Poulis* factors to both a failure to provide discovery and failure to follow a court's orders).

has previously stated that this is not dispositive, as "a client cannot always avoid the consequences of the acts or omissions of its counsel."[10]

The second *Poulis* factor is prejudice to the adversary caused by noncompliance with CMO Nos. 74 and 84. Wasted time and resources and inconvenience standing alone may constitute sufficient prejudice to warrant dismissal.[11] Counsel for defendants expended time and resources in a series of conference calls with Special Master Reisman and in communicating with counsel for plaintiffs in these cases trying to obtain dates for plaintiffs' depositions. Moreover, the December 31, 2022 deadline for case-specific fact discovery, including plaintiff depositions, in Wave One in has expired.[12] As such, defendants are also prejudiced because they were unable to probe plaintiffs' claims under oath and gather information that could be critical to their litigation strategy and defenses.

The third *Poulis* factor is the history of dilatoriness by plaintiffs. Here, the plaintiffs were aware of CMO No. 74, and plaintiffs failed to proceed with their

---

[10] *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (citing *Link v. Wabash Railroad,* 370 U.S. 626, 633, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)).
[11] *Miller v. Advocare, LLC*, No. 12-01069, 2013 U.S. Dist. LEXIS 71451, at *8-9 (D.N.J. May 21, 2013).
[12] CMO No. 74, at § II.A, ECF No. 781.

discovery obligations pursuant to that order. Furthermore, plaintiffs have not responded in over four months to the order to show cause in CMO No. 84.[13]

The fourth *Poulis* factor is whether there has been willful or bad faith conduct by the plaintiffs. Here, by failing to comply with CMO No. 74 and thereafter CMO No. 84 for over four months, plaintiffs' inaction may be considered to be willful for this *Poulis* factor.[14]

The fifth *Poulis* factor is whether alternative sanctions could be applicable. Here, the plaintiffs were given the opportunity to show cause why their cases should not be dismissed and were specifically warned that failure to comply would result in the dismissal of their cases. That these plaintiffs have still not responded to CMO

---

[13] *See, e.g.*, *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (finding a pattern of dilatoriness where, among other things, a party had failed to pursue discovery, failed to respond to interrogatories, and failed to file a pre-trial statement).

[14] *See Martino v. Solaris Health Sys. Corp.*, No. 04-6324, 2007 U.S. Dist. LEXIS 102468, at *7 (D.N.J. May 7, 2007) (Report & Recommendation of Mag. J. Cecchi) ("While it is not clear that Plaintiff acted in bad faith, his consistent failure to obey this Court's Orders, at the very least, render his actions willful for purposes of the fourth *Poulis* factor."), adopted by *Martino v. Solaris Health Sys. Corp.*, No. 04-6324, 2007 U.S. Dist. LEXIS 47294 (D.N.J. June 28, 2007); *Nike, Inc. v. Eastern Ports Custom Brokers, Inc.*, No. 2-11-cv-4390-, 2018 U.S. Dist. LEXIS 120351, at *29 (D.N.J. July 18, 2018) ("the Court may find willfulness or bad faith where no reasonable excuse for the conduct exists."); *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 U.S. Dist. LEXIS 84753, at *14 (D.N.J. May 25, 2012) (Report & Recommendation of Mag. J. Donio) (where record is unclear whether party acted in bad faith, consistent failure to obey court orders renders actions willful for purposes of the fourth *Poulis* factor), adopted by *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 U.S. Dist. LEXIS 87950 (D.N.J. June 19, 2012).

No. 84 in the over three months since their responses were due suggests that further time would be futile.

The sixth *Poulis* factor is the meritoriousness of the plaintiffs' claims. These plaintiffs' unwillingness to proceed with their cases by providing defendants dates for plaintiffs' depositions suggests to the Court that, at best, plaintiffs are unable to determine the potential merit of their claims, and suggests that, at worst, plaintiffs do not believe their cases are worth pursuing.[15]

On balance, consideration of these factors weighs in favor of dismissal of these four cases.[16]

Accordingly, **IT IS** on this 19th day of January, 2023;

**ORDERED** that these four cases shall be **DISMISSED** without prejudice:

    1) William Paul Orum, Case No. 2:18-cv-00359

    2) Glenda Brazle, Case No. 2:18-cv-08239

    3) Paula Sue Ford, Case No. 2:19-cv-13657

---

[15] *Barney v. Gloucester Twp. Police Dep't*, No. 19-19310, 2020 U.S. Dist. LEXIS 197333, at *11 (D.N.J. June 17, 2020) (Report & Recommendation of Mag. J. Donio), adopted by *Barney v. Gloucester Twp. Police Dep't*, No. 19-19310, 2020 U.S. Dist. LEXIS 196333 (D.N.J. Oct. 22, 2020).

[16] *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003) (all six *Poulis* factors do not need to be met in order for district court to dismiss case).

4) Clarissia Marquez, Individually and as Next Friend of Jacob Kitchen, A Minor Child, Case No. 2:19-cv-15663

**SO ORDERED.**

Date: January 19, 2023

_____
CLAIRE C. CECCHI, U.S.D.J.