**VENABLE** LLP

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

Craig A. Thompson
T 410.244.7605
F 410.244.7742
cathompson@venable.com

May 17, 2023

Hon. Claire C. Cecchi, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Bldg. & U.S. Courthouse
Courtroom MLK 5B
50 Walnut Street
Newark, New Jersey 07101

Re: **PPI Products Liability Litigation (No. II) (MDL 2789)**
 *The Takeda & Abbott Defendants' Report of Pending Motions*

Dear Judge Cecchi:

Defendants Abbott Laboratories, Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., Takeda Development Center Americas, Inc., f/k/a/ Takeda Global Research & Development Center, Inc., and Takeda Pharmaceutical Company Limited submit this report of pending motions (the "Report") in advance of the teleconference scheduled for May 23, 2023, and in accordance with the Court's directive during the April 25, 2023, status conference. See April 25, 2023 Transcript (hereinafter "Tr."). Specifically, counsel for Takeda and Abbott reviewed their pending docket management motions to determine which require rulings, where there is overlap among plaintiffs subject to the pending motions, and if any of the motions do not require rulings because they have become redundant based on other rulings of the Court. Tr. at 19–20.[1] We understand that AstraZeneca also is preparing a report regarding their pending motions, which may significantly overlap with Takeda's and Abbott's.

As outlined in additional detail below, there are five categories of docket management motions that are fully briefed and ripe for decision: (1) the dismissal of claims against Takeda and Abbott where plaintiffs failed to serve Defendants with a summons or complaint; (2) the dismissal of cases where Texas law applies; (3) the dismissal of cases based on plaintiffs' violation of the parties' Tolling Agreement; (4) the dismissal of cases involving deceased plaintiffs; and (5) cases where plaintiffs failed to provide adequate proof of use of Defendants' proton pump inhibitors.

Attached is a spreadsheet with a current list of the plaintiffs in cases against Takeda and Abbott who are subject to the five categories of docket management motions. The spreadsheet

---

[1] This Report does not include and is without prejudice to pending motions regarding Bellwether or Wave cases, and without prejudice to the Motion to Issue an Order Regarding the Appointment of Special Master Reisman (ECF No. 871). The parties separately are working with the Court to set dates for oral argument on pending *Daubert*, summary judgment and preemption motions in the Bellwether cases.

# VENABLE LLP

Hon. Claire C. Cecchi, U.S.D.J.
May 17, 2023
Page 2

shows which of the five issues pertains to each plaintiff so that the Court can easily see where there is overlap.[2] Currently, there are 2,736 active Takeda and Abbott cases that are subject to at least one motion.

## I. DISMISSAL OF UNSERVED CASES

On November 19, 2021, Case Management Orders 59 and 63, "Orders to Prove Service or Show Cause," were entered for cases in which Plaintiffs did not serve Takeda and/or Abbott with a summons or complaint. The plaintiffs subject to these CMOs were required to show cause why their cases against Takeda and/or Abbott should not be dismissed due to the failure to properly execute service. See ECF No. 708 (Takeda Defendants); ECF No. 712 (Abbott Defendants). Other similar show cause order CMOs were entered regarding unserved cases against other defendants. See, e.g., CMO 60 (Pfizer), and CMO 65 (AstraZeneca and Merck). The briefing in response to these show cause orders was completed on October 17, 2022.

On April 24, 2023, the Court issued an Opinion and Order dismissing 962 cases against Pfizer in connection with CMO 60, and an Opinion and Order dismissing 1,535 cases against AstraZeneca and Merck in connection with CMO 65. However, as discussed during the April 25, 2023 status conference, no similar opinion or order has been entered regarding the Takeda and Abbott cases subject to CMOs 59 and 63. See Tr. at 22. Rulings on these CMOs remain "pertinent at present." Id. at 20.[3] On May 2, 2023, counsel for Takeda had the contemplated teleconference with Special Master Reisman's office regarding these CMOs. Id. at 21. Since then, counsel for Takeda reviewed the case dockets and updated the list of cases: there are currently 680 Takeda cases subject to CMO 59 and 426 Abbott cases subject to CMO 63, which are reflected in the attached spreadsheet. Based on the updated information in the spreadsheet and the Court's own opinions and orders on the analogous service CMOs involving Pfizer, AstraZeneca and Merck (Tr. at 24), Takeda does not believe that further assistance from Special Master Reisman's team is needed for the Court to issue an order it deems appropriate on CMOs 59 and 63. Of course, counsel for Takeda stands ready to assist the Court if additional information is requested.

---

[2] The spreadsheet contains six rows because the number of cases with unserved complaints is broken down by Defendant (Takeda and Abbott).

[3] On December 22, 2022, the Court issued Orders dismissing 15 cases against Takeda and 10 cases against Abbott where the plaintiffs failed to respond to the show cause order. See ECF Nos. 886 and 889.

VENABLE LLP

Hon. Claire C. Cecchi, U.S.D.J.
May 17, 2023
Page 3

## II.  TEXAS MOTIONS FOR SUMMARY JUDGMENT

On September 9, 2021, CMO 53, titled "Tex. Civ. Prac. & Rem. C. § 82.007," was entered to address the presumption against liability in the Texas product liability statute and its impact on the MDL cases in which Texas law is applicable.  See ECF No. 688.  Defendants' November 8, 2021, Memorandum of Law outlined why Texas statute bars plaintiffs' claims in all 662 cases where it applies and requested summary judgment in those cases.  ECF No. 706-1.  Briefing was complete by March 9, 2022.  See ECF Nos. 767 and 768.  As of the date of this Report, 748 cases against Takeda and Abbott are ready for resolution.

## III.  MOTIONS FOR VIOLATIONS OF THE TOLLING AGREEMENT

Fifteen Motions to Dismiss for Failure to Comply with the Parties' Tolling Agreements, affecting 3,780 plaintiffs, were initially filed from December 2018 to June 2019.  See ECF No. 845 at 4.  Those motions remained unresolved for more than three years.  On September 8, 2022, Takeda filed a joint status report and renewed the motions for the active Takeda and Pfizer cases.  Id. at 1-4.  On September 21, 2022, AstraZeneca submitted a letter for the Court's ease of reference that delineated all of the plaintiffs "who remain subject to the fully briefed Motions to Dismiss pursuant to the Tolling Agreement[.]"  ECF No. 870.  Specifically, as outlined in the joint status report, the following motions were renewed:[4]

- Motion to Dismiss for Failure to Provide Proof of Injury And/Or Proof of Use After Tolling Expiration (ECF Nos. 284 and 846) – 4 plaintiffs.[5]

- Motion to Dismiss for Failure to Comply with Stipulation Regarding Tolling of the Statutes of Limitations (ECF Nos. 314, 317, and 847) – 761 plaintiffs.

- Motion to Dismiss for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Failure to Produce Plaintiff Fact Sheet) (ECF Nos. 336 and 848) – 20 plaintiffs.

---

[4] The list contains the docket number of the original motion and the renewed motion.

[5] The number of plaintiffs impacted by these tolling motions have been updated and reflect only currently active Takeda and Abbott cases.

# VENABLE LLP

---

Hon. Claire C. Cecchi, U.S.D.J.
May 17, 2023
Page 4

- Motion to Dismiss for Failure to Comply with Stipulations Regarding Statutes of Limitations (Evidence of Use/Injury) (ECF Nos. 339 and 849) – 372 plaintiffs.

- Motion to Dismiss Various Douglas and London Plaintiffs' Complaints for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Production of Shell Plaintiff Fact Sheet in Violation of Tolling Agreement) (ECF Nos. 365 and 850) – 365 plaintiffs.

- Motion to Dismiss Various Napoli Shkolnik PLLC Plaintiffs' Complaints for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Production of Shell Plaintiff Fact Sheet in Violation of Tolling Agreement) (ECF Nos. 366 and 851) – 19 plaintiffs.

- Motion to Dismiss Various Weitz & Luxenberg Plaintiffs' Complaints for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Production of Shell Plaintiff Fact Sheet in Violation of Tolling Agreement) (ECF Nos. 368 and 852) – 903 plaintiffs.

- Motion to Dismiss Various Carey Danis and Lowe Plaintiffs' Complaints for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Production of Shell Plaintiff Fact Sheet in Violation of Tolling Agreement) (ECF Nos. 369 and 853) – 93 plaintiffs.

- Motion to Dismiss Various Aylstock Plaintiffs' Complaints for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Production of Shell Plaintiff Fact Sheet in Violation of Tolling Agreement) (ECF Nos. 370 and 854) – 170 plaintiffs.

- Motion to Dismiss Various Plaintiffs' Complaints for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Production of Shell Plaintiff Fact Sheet in Violation of Tolling Agreement) (ECF Nos. 371 and 855) – 44 plaintiffs.

- Motion to Dismiss for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Reinstatement Plaintiffs – Evidence of Use/Injury and Failure to Produce Plaintiff Fact Sheet) (ECF Nos. 386 and 856) – 20 plaintiffs.

# VENABLE LLP

Hon. Claire C. Cecchi, U.S.D.J.
May 17, 2023
Page 5

- Motion to Dismiss for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitation (Evidence of Use/Injury) (ECF Nos. 393 and 857) – 5 plaintiffs.

- Motion to Dismiss for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Evidence of Use/Injury and Failure to Produce Plaintiff Fact Sheet) (ECF Nos. 429 and 858) – 54 plaintiffs.

- Motion to Dismiss for Failure to Comply with Stipulation Regarding Tolling of Statutes of Limitations (Cases Removed from State Courts – Evidence of Use/Injury and Failure to Produce Plaintiff Fact Sheet) (ECF Nos. 430 and 859) – 21 plaintiffs.

Defendants also renewed their Motion to Compel Retention of Counsel Information for Failure to Comply with the Parties' Tolling Agreement, which was initially filed in August of 2019. ECF No. 845 at 5. At the time of the Defendants' renewal, this motion had been pending for more than three years, involving 3,774 plaintiffs.

Additionally, between March and September of 2020, this Court issued seven tolling orders requiring plaintiffs to show cause within twenty-eight days as to "why their case should not be dismissed for failure to comply" with the parties' Tolling Agreement, which impacted nearly 700 plaintiffs. ECF No. 562. These matters have been fully briefed. While some tolling plaintiffs' cases were resolved, whether the remaining tolling plaintiffs subject to the tolling motions breached the Tolling Agreement and the effect of any breaches remains unresolved.

## IV.   DISMISSAL OF CASES INVOLVING DECEASED PLAINTIFFS

On November 19, 2021, CMO No. 58 was entered regarding cases where plaintiffs had passed away after filing their complaints, but a "motion to substitute the real party in interest ha[d] not been filed." ECF No. 707. The Plaintiff Steering Committee filed an omnibus response on April 1, 2022. ECF No. 776. Defendants filed replies in the individual cases by June 8, 2022. Plaintiffs failed to comply with the show cause order in 37 active cases, which should be dismissed. Moreover, in 27 of those active cases, plaintiffs still have not filed a motion to substitute.[6]

On November 19, 2021, CMO 64 was also entered regarding cases where the plaintiffs were deceased prior to their complaints being filed. ECF No. 713. On December 22, 2022, this

---

[6] In 6 of these 27 cases, plaintiffs filed amended complaints, which identified someone a new plaintiff, but did not file motions to substitute.

# VENABLE LLP

Hon. Claire C. Cecchi, U.S.D.J.
May 17, 2023
Page 6

Court dismissed all of the cases subject to CMO 64 as legal nullities. See ECF Nos. 892 at 9, and 893. Defendants subsequently identified an additional 104 cases wherein the named plaintiffs were deceased at the time of filing. ECF No. 896. Accordingly, CMO 90 was entered on January 19, 2023, which directed plaintiff's counsel to show cause why those "104 cases should not be dismissed as legal nullities consistent with the Court's prior Opinion and Order." Id. at 1-2. As alleged by Takeda, plaintiffs not only failed to distinguish these cases with those subject to the Court's prior order, but in 23 of these cases, plaintiffs did not even respond.[7] A ruling is needed on the 60 cases subject to CMO 90.

### V. PROOF OF USE

On September 2, 2021, CMO 51, "'Stage 2' Cases Evidence of Product Use," directed the parties to brief our questions pertaining to "whether an affidavit or sworn declaration by a plaintiff attesting to product use (in the absence of other record evidence) is sufficient to defeat a Rule 56 motion for summary judgment." ECF No. 686. This CMO explained that "several hundred" cases "reside[d] in a suspended state; pending indefinitely on the docket without a clear path forward." Id. The four issues were fully briefed by October 11, 2021. See, e.g., ECF No. 693 and 695. A ruling from the Court on what constitutes adequate proof of use for a plaintiff to survive summary judgment at this juncture – nearly six years into the MDL – would benefit the parties and the Court in determining which cases can and cannot survive where the proof of use is in question.

We hope that this Report and the attached spreadsheet are helpful to the Court in addressing pending motions, and we look forward to discussing these issues with the Court on May 23rd.

Respectfully,

Craig A. Thompson

Sherry A. Knutson

CAT:SAK/gmm

---

[7] 11 of the 23 plaintiffs did not respond to CMO 64 but filed briefs opposing Defendants' request that their dismissal be "with prejudice."