**SEEGERWEISS** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA

June 20, 2023

**VIA ECF & EMAIL**

Hon. Claire C. Cecchi
United States District Court for the District of New Jersey
Martin Luther King, Jr. Bldg.
50 Walnut Street
Newark, New Jersey 07101

      **Re: Proton-Pump Inhibitor Products Liability Litigation (No. II)**
      **2:17-md-2789 (CCC) (MF) (MDL-2789)**

Dear Judge Cecchi:

      We respectfully submit this letter on behalf of the Plaintiffs' Steering Committee ("PSC") and the bellwether plaintiffs in response to a joint request by the AstraZeneca and Takeda Defendants (hereafter "Defendants") to amend the subjects of the motions hearing scheduled for June 22, 2023. The PSC stridently objects to their request—to adjourn the *Daubert* argument for one expert and substitute another—as both untimely and impractical at this late date. For the reasons explained below and in the interest of fairness to the parties and the Court, we respectfully request that the Court proceed with the arguments first requested by Your Honor at the Case Management Conference on April 25, 2023.

AstraZeneca's Request to Argue the Dr. Palese *Daubert* Motion on June 22, 2023

      As noted above, Defendants' request is untimely. At the April 25, 2023 case management conference, the Court indicated it was prepared to hear the motions pertaining to Dr. Andrea Leonard-Segal, Dr. Gilbert Moekel, and Dr. David Ross. *See* April 25, 2023 Case Management Conference Tr. at 7:11-21. The Court later set this hearing for June 22, 2023, during a telephonic conference, when Your Honor confirmed that the motions to be heard on these three experts included *Daubert* motions. *See* May 23, 2023 Telephonic Conference Tr. at 8:13-10:03. At that time, the AstraZeneca Defendants indicated that there "may be one or two others we want to argue" and stated they would confer with Plaintiffs on this issue. *Id.* at 9:1-8. Irrespective of its prior statement, AstraZeneca did not even propose to the PSC that Dr. Palese be added to the schedule of oral arguments until June 12th. Indeed, Defendants did not submit this request to the Court until the afternoon of Friday, June 16th; less than a week before the hearing and on the eve of a holiday weekend. That AstraZeneca waited several weeks to make this request to the Court smacks of gamesmanship and should not be permitted.

      Further, AstraZeneca's request is also impractical. Shortly following the April 25th hearing, plaintiffs' leadership began preparing for the requested oral arguments, assigning the experts and preparation to various PSC members. Further, travel and hotel arrangements have been made for those attending the hearing. To add a new expert to the list of *Daubert* motions to be

argued at this late date will be prejudicial to Plaintiffs, as they will not have adequate time to prepare. Additionally, the PSC assumes the Court and its staff have also prepared for the experts it requested on April 25th. Thus, this last minute request by the AstraZeneca defendants not only prejudices Plaintiffs but also burdens the Court and its resources.

Finally, there are already seven motions before the Court for the three experts scheduled: two for Dr. Ross (AstraZeneca and Takeda each filed their own *Daubert* motions); three for Dr. Moekel (each Defendant filed their own *Daubert* motion and AstraZeneca filed a motion to disqualify); and two for Dr. Leonard-Segal (one motion to disqualify and one *Daubert* motion filed by Plaintiffs). We respectfully submit that it will be challenging to complete these arguments within the allotted time and it will be impossible to do so with the addition of the *Daubert* motion on Dr. Parese.

Takeda's Request to Adjourn the Daubert Motion for Dr. Leonard-Segal

Although Defendants have characterized this dispute as a last-minute request *by the PSC* to add the *Daubert* motion against Dr. Leonard-Segal to the hearing slate, they ignore the fact that this *Daubert* motion *was requested by the Court* on April 25th. And while both parties agree that Plaintiffs' motion to disqualify Dr. Leonard-Segal is ripe for the hearing, Takeda waited until June 12th to notify the PSC that it objected to having the *Daubert* motion for Dr. Leonard-Segal included on the schedule. Nor did it notify the Court of this concern until June 16th, despite it having the opportunity to do so during the telephonic hearing on May 23rd. Thus, their objection is untimely. Further, the PSC has been preparing for this argument for several weeks and it assumes the Court has as well. We are skeptical of Takeda's claim that it will not have time to prepare for this argument, considering it was first requested by the Court on April 25th and confirmed once again on May 23rd.

Moreover, Takeda's position that the *Daubert* motion on Leonard-Segal is not ripe because the Special Master recommended the motion be held in abeyance until after the disqualification motion is resolved rings hollow.[1] The *Bales* trial is currently scheduled for January 2024. While Plaintiffs believe the Court can decide the disqualification motion at any time without input from the FDA, we acknowledge the Special Master's recommendation to contact the Agency to obtain its views on the controversy. If the Court is inclined to follow this recommendation, it may take several months before receiving a response from the FDA, which in turn may result in the need for additional briefing by the parties. By contrast, the Court can hear oral argument on the *Daubert* motion against Dr. Leonard-Segal now, as it is fully briefed and its decision may render the disqualification motion moot. Thus, it is far more practical to proceed with the *Daubert* hearing on Dr. Leonard-Segal, as the Court requested, on June 22nd, than to wait for resolution of the disqualification motion to be resolved.

In conclusion, the PSC and bellwether plaintiffs respectfully request that the Court proceed with the slate of expert motions it proposed during the April 25th case management conference.

---

[1] As the Court is aware, Takeda has previously taken the position that only Your Honor or the Magistrate Judge should hear bellwether trial motions.

As explained above, Defendants' last minute request to modify the agenda for the hearing is untimely and impractical, and unfairly burdens plaintiffs and the Court.

Respectfully,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Floor
Ridgefield Park, NJ
212-584-0700
212-584-0799 (fax)
cseeger@seegerweiss.com
*Plaintiffs' Co-Lead Counsel*

*/s/ Stephanie O'Connor*
Stephanie O'Connor
**DOUGLAS & LONDON, P.C.**
59 Maiden lane, 6th Fl.
New York, NY 10038
T: (212) 566-7500
F: (212) 566-7501
soconnor@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

cc: Special Master Ellen Reisman
    All Counsel via ECF