

August 15, 2023

<u>VIA ECF</u>

Honorable Judge Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

       **In Re: Proton-Pump Inhibitor Products Liability Litigation**
            **2:17-md-2789 (CCC)(MF) (MDL 2789)**

Dear Judge Cecchi,

    The undersigned respectfully submit this letter on behalf of the Plaintiff Steering Committee ("PSC") and in response to the Takeda and Abbott Defendants' letter dated August 10, 2023, concerning their previously-filed motions to dismiss and for orders to show cause [Doc. No. 945]. Specifically, Defendants seek resolution of orders to show cause required under CMOs 59 and 63 (failure to execute proper service); CMO 90 (legal nullity due to death of claimant); CMO 58 (failure to timely substitute plaintiff following death of claimant); CMO 53 (applicability of Texas product liability law); and the parties Tolling Agreement, executed in June 2018.

    The PSC's position on these motions is unchanged and has been consistent throughout our prior briefing on these issues, in our correspondence with Defendants (annexed to Defendants' Aug. 10, 2023 submission as Ex. B), and our previous letter to the Court on Defendants' attempt to renew these motions in September of 2022. We believe that many of these motions relied on technical discovery disputes, or alleged failures of proof (*e.g.*, plaintiff affidavits of use as opposed to prescription records), or untimely filings or service due to underlying factual circumstances, the nuances of which vary from case to case. Further, the PSC maintains that in the 2-3 years since these motions were filed, many of these purported deficiencies have been cured with no prejudice to Defendants and thus, the harsh result of dismissal without prejudice is unwarranted.

    During the May 23, 2023 telephonic conference, the Court emphasized these concerns, noting:

> since the time certain of these tolling agreement motions were filed seeking dismissal based on various inadequacies, whether that is proof of use or proof of

> injury, some plaintiffs may have supplemented their filings. Some plaintiffs may have initially been marginally late as to the deadline, some plaintiffs may have gone back, as Mr. Seeger notes, and cured their issues. *The initial motions, therefore, may no longer encompass the current factual circumstances and that becomes a problem for the Court*."

May 23, 2023 Tr. at 11-12 (emphasis added). Further, during the call, the Court cited specific examples of potential inaccuracies in Defendants' motions that Your Honor wanted addressed. *See, e.g., id.* at 12-13 (describing apparent inaccuracies in the number of plaintiffs subject to a pending motion) and 14-15 (describing a specific plaintiff whose explanation suggests the motion is moot). Ultimately, the Court concluded:

> Someone has to take a look at all of this information. Someone has to go through and determine what's actually been filed. Someone has to go through and determine what the up-to-date information is, and also who's already been impacted by the Court's substantial dismissal orders.
>
> I recognize that these motions had been filed at one point, but I really do, at this point, need the parties to talk to one another and figure out which of these motions can be updated. I don't believe these motions as they currently stand are appropriate for the Court to decide.
>
> I'd like you to work through them. It takes -- it will take a decent amount of work. I will say, I traced through the entirety of this motion over the span of a number of dockets, and it's just 1 of 15 of these types of motions.
>
> So I'm going to order the parties to meet and confer, go over these motions, and determine how best to present them to the Court in an organized up-to-date fashion, taking into consideration some of the factors that I've mentioned.

*Id.* at 15.

　　　　Following the conference, the parties have met and conferred on this issue and are at an impasse. In its correspondence with the PSC, Takeda appears to suggest that it is the PSC's responsibility to investigate those individual cases and bring the issues to Defendants. The PSC, however, has neither the authority nor the access to information to do so. While we can facilitate discussions between Defendants and individual plaintiffs' counsel—and stand ready to do so--we do not have access to the individual case dockets. Nor do we have information concerning the individual plaintiffs or the underlying factual circumstances and how they may have changed over the years. We stated this clearly in our communications with Defendants, where we specifically urged them to (a) update their lists and verify the accuracy of their filings, and (b) reach out to individual plaintiffs' counsel to discuss the issues pertaining to a given motion. *See* Defendants' Ex. B at the PSC's June 2nd and June 20th emails to Jason Rose, Esq.

　　　　To date Defendants have refused to do so. Indeed, in their August 10, 2023 submission to the Court, Takeda and Abbott have taken the position that they should not be required to, despite

Your Honor's clear instruction to do so.  Further, while the PSC did provide Takeda with a list of 36 plaintiffs who had contacted the PSC regarding Takeda's list of pending motions, claiming discrepancies in the list, Takeda made no effort to discuss the issues with the individual plaintiff's counsel (although they did agree that certain plaintiffs should be removed from the motions' list).

Given Takeda's refusal to confer with individual counsel to update and verify these motions, we agree with the Court that these motions should not be decided at this time.

We thank the Court for its time and courtesy, and should the Court have any questions or concerns regarding this submission, please do not hesitate to contact me.

Respectfully,

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Floor
Ridgefield Park, NJ
212-584-0700
212-584-0799 (fax)
cseeger@seegerweiss.com
*Plaintiffs' Co-Lead Counsel*

*/s/ Stephanie O'Connor*
Stephanie O'Connor
**DOUGLAS & LONDON, P.C.**
59 Maiden lane, 6th Fl.
New York, NY 10038
T: (212) 566-7500
F: (212) 566-7501
soconnor@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

cc:  All Counsel of Record (via ECF)
     Special Master Ellen K. Reisman